LARGE, Jr., vs. LARGE.

*Claims against estates of decedents. Limitations, Statute of.*

Where a claim against the estate of a decedent has been duly *presented* for allowance within the time limited by statute and by the order of the county court, a subsequent neglect, for two years, to have the same *passed upon*, will not bar the claim under the statute; but the same may thereafter be examined and allowed by the county judge.

APPEAL from the Circuit Court for *Dodge* County.

The parties to this action are sons of Jonathan Large, Sr., who died in 1862. His will, by which he bequeathed the greater share of his property to the appellant, *Jonathan Large, Jr.*, was admitted to probate by the county court for Fond du Lac county, on the 6th of August, 1866.

On the 5th of January, 1867, the county judge made an order, limiting the time for receiving, examining and adjusting claims against the estate at his office, to six months from that date, and gave notice thereof; and on one of the days fixed by him the respondent, *Levi Large*, duly presented and left on file

with the county judge his claim, consisting of a written agreement on the part of the decedent to pay him $400 per annum for five years, in consideration that he should relinquish all further claim to certain property; but the records of the county court do not show that any action was taken thereon.

On the tenth day of August, 1870, at the hearing of an application by the administrator of the deceased for the sale of real estate to pay claims, etc., the appellant objected to the proceedings on the ground that the record did not show any claims allowed, and the objection was sustained.

The respondent immediately filed his petition for the fixing of a time and place for the examination and allowance of his claim, which was granted by the court on the 13th day of September, 1870.

The appellant appealed from that order to the circuit court of Fond du Lac county. The judge of that court having been of counsel for the appellant, the place of trial of the appeal was changed to the circuit court of Dodge county.

From the order of that court affirming the order of the county court, this appeal is taken.

All of the remaining facts which are material appear in the opinion of the court.

*Gerrit T. Thorn,* for appellant, argued that the claim was barred by the statute, (R. S., ch. 101, sec, 14), when the county judge made the order appealed from, more than three years and eight months having passed since the date of the first order for the hearing and examination of claims, citing *Walker v. Cheever,* 39 N. H., 420; *Wingate, Admr. v. Pool,* 25 Ill., 118; that the claim not having been allowed must be regarded as rejected, citing *Bellows v. Cheek,* 20 Ark., 424; that full force should be given to the statute of limitations, citing *Brown v. Anderson,* 13 Mass., 201; *Parkman v. Osgood,* 3 Greenleaf, (Maine,) 17; *Erwin v. Turner,* 1 English, (Ark.), 14; *Filligan v. Laverty,* 3 Fla., 104; *Tredway, Admr., v. Allen,* 20 Wis., 475; *White Admr., v. Fitzgerald,* 19 id., 480; *Lightfoot v. Cole,* 1 id., 26. He

also argued that the claim as presented required proof, and that the respondent did not follow the method provided by the statute, citing *Price v. Dietrich*, 12 Wis., 626.

· *Coleman & Thorp*, for respondent, contended that the claim, having been duly presented within the time allowed by the order of the county court, was not barred, but might be heard and examined at any time afterward, citing *Cole, Admr., v. Lightfoot*, 4 Wis., 495; *Boyce v. Foote, Admr.*, 19 id., 199.

COLE, J. The only question in this case is, whether upon the facts disclosed in the record, the claim of the respondent was barred by the statute of limitations. We think it was not.

It seems, upon granting letters of administration, with the will annexed, the appointment of commissioners to receive, examine and adjust the claims and demands against the estate of Jonathan Large, deceased, was not required, the judge of the county court taking upon himself the performance of that duty. Notice was consequently given by the county judge to the creditors of the estate, of the days when he would attend at the probate office to receive, examine and adjust their claims. On one of the days fixed by the county judge, the respondent presented his claim for examination and allowance, and it was endorsed as follows: "Filed March 4, 1867. M. K. Stow, County Judge." There is another endorsement upon the claim, as follows: "Allowed July 8, 1867, at $1,788.07," but this endorsement was not in the handwriting of the county judge, and has no signature attached to it. It does not appear that there was any further action taken upon the claim, although it remained on file in the office of the county judge, until September 14, 1870, when the respondent, by petition, applied to the county court to fix a time and place for examining and allowing the same. In this petition the respondent states that he supposed and believed that his claim had been adjusted and allowed by the judge at the time it was presented; that there was no opposition to its allowance to his knowledge, and that

the same was a valid and just demand against the estate. On this petition, the county court, in opposition to the objections taken by the appellant, who is the principal legatee in the will of Jonathan Large, made an order for the hearing and adjust-. ment of this claim. The correctness of that order is the matter for our consideration on this appeal.

It was objected before the county court, and the point is very cogently pressed here, that that court had no power or jurisdiction over this claim — had no right whatever to hear, examine and allow it, because, if it ever had been a valid claim against the estate, it was then barred by the statute. The provisions of the statute relied on in support of this position, are found in chapter 101, R. S. We shall not stop to analyze these various provisions further than is necessary to render intelligible our view of them. By section 5, the court is authorized to allow such time as the circumstances of the case shall require for creditors to present their claims for examination and allowance, which time, in the first instance, shall not exceed eighteen months, nor be less than six months. By the next section the court is authorized to extend the time allowed the creditors to present their claims as the circumstances of the case may require, but the whole time shall not exceed two years. The 7th section empowers the court, on the application of a creditor who has failed to present his claim, if such application is made within six months from the time previously limited, and for good cause shown, to allow further time not exceeding three months, to examine such claims. And by the 14th section it is in substance enacted that any person having a claim against a deceased person proper to be allowed, who does not, after the publication of the required notice, exhibit his claim within the time limited for that purpose, shall be forever barred from recovering such demands.

And the question now is, do these various enactments apply to the claim before us, and prohibit the county court from inquiring into its validity? It seems to us they do not. By the

presentation of the claim to the probate court at one of the days fixed to receive and examine claims the bar of the statute was prevented from running upon it. It was equivalent to the commencement of an action on the demand (*Boyce v. Foot*, 19 Wis., 199, and *Jones v. The Estate of Keep*, 23 id., 45,) and is attended with the same legal consequences so far as the statute of limitations is concerned. It is said that the object of this statute of limitations is to secure a speedy settlement of the estates of deceased persons. This is undoubtedly a correct view of the object of the law, and that purpose will be fulfilled by applying it to claims which are not presented for examination and allowance within the time limited. In this case the demand was presented to the county judge, but for some reason was not definitely acted upon. But it was in the power of the administrator at any time to secure final action upon the claim by citing the respondent to produce the necessary proof in its support. That the claim was presented, however, for allowance within the time limited is a fact not denied, and cannot be. But the county judge has not adjudicated upon the demand by allowing or disallowing it, as it has been assumed on the argument, and it is still pending before him. By vigilance and attention the respondent might doubtless have had the claim acted upon long since. Probably he would have had it adjudicated had he not supposed it had already been allowed by the county judge. But, under the circumstances, we do not perceive upon what ground it can be maintained that it has never been presented for examination and allowance so as to enable the statute to run upon it.

We have examined all the authorities cited by the counsel for the appellant, but do not find anything in them in conflict with the views we have expressed. This is a question of statutory construction, and we, therefore, have no hesitation in holding that the presentation of the claim for allowance at the time and in the manner disclosed in the record was sufficient to prevent the statute of limitations from running upon it.

*By the Court.*—The order of the circuit court is affirmed.