59   563
75   116

## Ashley vs. Eggers, Administrator, etc.

*January 31 — February 19, 1884.*

ESTATES OF DECEDENTS.  *(1, 2) Commissioners must be appointed and sworn: When action on claim not barred. (3) Notices, by whom signed? (4) Whether majority may act? (5)* Res adjudicata.

1: Commissioners to receive, examine, and adjust claims against a deceased person, must be duly appointed and duly sworn before they are competent to act.

2. A notice of the time limited for the presentation of claims, signed by persons who, though appointed as commissioners, had never qualified as such, does not operate to bar an action after such time by a creditor of the decedent.

[3. Whether the notice of the time and place of the meeting of the commissioners must be signed by the court itself, is not determined.]

[4. Whether, when three commissioners are appointed, two of them can act upon claims in the absence of the third, is not determined.]

5. A petition to the county court by a creditor of a deceased person, alleged that the court had not appointed any time and place when and where commissioners would receive and examine claims, and had not given any notice of the time limited for the presentation of claims; and prayed the court to appoint a time and place when it would receive and adjust such claims. The prayer of the petition was denied on the ground that commissioners had long before been appointed and made their report, and that the time limited for them to receive and determine claims had expired. *Held*, that such determination, though not appealed from, did not bar a subsequent action by the petitioner upon his claim.

APPEAL from the Circuit Court for *Grant* County.

August Eggers died in Grant county, April 18, 1879, and the defendant was appointed administrator of his estate, June 14, 1879. This action was brought July 27, 1881, upon a promissory note made by the decedent in his life-time. The complaint alleges, among other things, that the county court has never given notice of the time and place when and where it would receive, examine, and adjust claims against the decedent, or of the time limited for creditors to present their claims, as required by law.

The answer alleges that on June 19, 1879, on application of the defendant, the county court duly appointed commissioners to receive, examine, and adjust claims against the decedent, and duly ordered that six months be allowed and limited for creditors to present their claims, and fixed the times and place for the examination by said commissioners of the claims presented, and directed that notice of such times and place, and of the time so limited, be given by publication, as required by law; and that such notice was given and published accordingly. The notice published is set forth at length in the answer. It is dated June 21, 1879, and appears to have been signed by Peter Casper, Thomas Longbotham, and George Ginter, as commissioners. The answer further alleges that the said commissioners, being duly sworn and qualified, met at the times and place mentioned in the notice, and that no claim against the deceased was presented to them, and that, after the expiration of the time limited, they made their report to the court, showing that no claim had been presented. A further defense set forth in the answer, and the evidence given at the trial, are sufficiently stated in the opinion.

A trial by jury was waived. The court found, among other things, that the county court never published, or caused to be published, any notice to creditors of the time and place when and where the commissioners would meet to receive, hear, and adjust claims; that the pretended notice given, or

attempted to be given, of such meeting, by such commissioners, was null and of no effect; that said commissioners had no authority by law to give such notice, and had not qualified as such commissioners at the time of so doing; and that all the allegations of the complaint were true.

From a judgment accordingly, in favor of the plaintiff, the defendant appealed.

For the appellant there were briefs by *T. S. Wilson* and *Orr & Lowry*, and the cause was argued orally by *S. U. Pinney*. To the point that the judgment of the county court upon the hearing of the plaintiff's petition, being based upon the theory that the claim was barred, and being in effect a disallowance of the claim, was binding upon the parties in this action, they cited: Freeman on Judg., sec. 319*a; Gale v. Best*, 20 Wis., 44; *Emmons v. Dowe*, 2 id., 322; *Le Guen v. Gouverneur*, 1 Am. Dec., 121; *Wanzer v. Howland*, 10 Wis., 8; *Pierce v. Kneeland*, 9 id., 23; *Kalisch v. Kalisch*, id., 529.

For the respondent there was a brief by *Clark & Mills*, and oral argument by *Mr. Clark*.

COLE, C. J. In the Revision of 1878 it is provided that the county court shall appoint convenient times and places when and where the court or commissioners will receive, examine, and adjust claims against an estate; and within sixty days after granting letters testamentary, or of administration, shall give notice of the times and places fixed for that purpose. Sec. 3839. It is said the statute contemplates, or requires, that the county court should give this notice. In this case the county judge testified that he fixed the times and place when and where the commissioners would meet, and caused the notice to be published. The notice, however, was not signed by the county court, but the county judge affixed the names of the commissioners to it. The learned circuit court decided that this notice was

not such as the law required, and was therefore of no effect whatever. There is certainly much reason for holding that the notice should be signed by the county court itself, and not by the commissioners. This may be the better construction of the statute.

But waiving that question there is a more serious difficulty in the way of holding that the action of the commissioners operates as a bar to this action upon the facts appearing in the record. The commissioners appointed by the county court to examine and adjust claims against the estate of August Eggers were Peter Casper, Thomas Longbotham, and George Ginter. The evidence conclusively shows that these persons never qualified by taking and subscribing the oath prescribed by statute. But it does appear that one Jacob Ginter took the oath — with the other persons who were appointed — and attempted to act as commissioner, and did in fact unite in making the report to the county court that they attended at the times and place mentioned in the notice for hearing claims, and that no claims against the estate were presented. It is not pretended that the county court ever appointed Jacob Ginter to perform the duties of, or to act in the place of, George Ginter. Such an appointment was essential in order to give him any authority to qualify and act as commissioner. The language of the statute is plain that the county court shall appoint not to exceed three " suitable persons " to act as commissioners. Sec. 3838. Persons who have not been appointed by the county court have no right or power to act. It is quite apparent if one person not appointed by the county court can qualify and act as commissioner, the entire board might do so, though the discretion of the county court had never been exercised in their selection, nor any commission issued to them to act in the premises. Thus, the claims of creditors would be barred because not presented to persons who, without any lawful authority, assumed to act in examining

and adjusting them. But surely, no such consequences can be sanctioned or allowed. The statute gives no validity to anything but the proceedings of a legal board of commissioners. And in order to form or constitute a legal board the persons composing the same must both be appointed by the county court, and then they must be sworn to a faithful discharge of their duty before they can consider claims presented. It is only such a body or board that is authorized to act and adjust claims against estates, whose proceedings have force and validity.

When a legal board is constituted and qualified, and due notice is given of the time and place for presenting claims, a creditor who fails to exhibit his claim to the commissioners within the time limited is barred from recovering such demand. Sec. 3844. But an opportunity must be afforded creditors to present their claims to commissioners to examine and allow them, before an action will be barred. The last clause of sec. 3845 provides that nothing therein shall prevent any person who has a lawful claim against a deceased person from bringing an action "where no time has been fixed in which creditors may present their claims against the deceased for allowance, or where no notice of such limitation has been ordered or required." The circumstances bring this case within this clause.

The defendant's counsel argue and insist that, though George Ginter was appointed by the court and his name affixed to the notice as one of the commissioners, while Jacob Ginter qualified and acted, this ought not to affect the validity of the proceedings of the commissioners, because they say the acts of two of the three commissioners would be binding. If the three persons appointed had in fact qualified, whether two could act in the absence of the third is a question not presented on the record. We are inclined to the opinion that the statute requires that the number originally appointed should act together. The last clause of

sec. 3839 provides that if any commissioner shall at any time die, remove out of the state, refuse or become in any way incapacitated to perform his duties as such, the court may appoint another in his place. This plainly implies that the original number shall act upon claims. But it is clear the statute never intended persons should act as commissioners who had not been properly appointed. That was the case here. Our conclusion, therefore, from the established facts, is that the proceedings of the commissioners relied upon in the answer were wholly null and void.

But there is a further defense set up in the answer. It is that the plaintiff made application by petition to the county court setting forth that he was a creditor of August Eggers, deceased, and alleging that said court had not appointed any time and place when and where commissioners would receive and examine claims against his estate, nor given any notice of the time limited for creditors to present their claims; and praying the court to appoint a convenient time and place when it would receive and adjust the claims of creditors of said deceased. It is alleged that on the hearing of that application the court refused to grant the prayer of the petition. Now, it is claimed that this determination of the county court was in effect a judgment disallowing the plaintiff's demand, and, not having been appealed from, is conclusive as to the rights of the parties. The principle invoked is doubtless well settled that any matter which has once been judicially determined by a court of competent jurisdiction cannot again be the subject of controversy between the same parties. But we fail to perceive how that doctrine can apply here. The matter which the county court determined on the petition was that it would not appoint a time and place for receiving and adjusting claims of creditors. That was all the county court was called upon to determine. It is true the court stated in its order that it refused to grant the petition because commissioners had long

Wright vs. Jackson.

before been duly appointed who had made their report, and that the time limited for them to receive and determine claims had expired. But, as we have said, the only question which the county court had to decide was whether or not it would appoint a time and place when and where it would receive and adjust claims of creditors. Now, how the refusal of the county court to do what it was asked to do can be said to be a judicial determination of the matter now in controversy, we fail to understand. It seems to us the action of the county court in that matter only makes clearer the plaintiff's right to bring this action under the clause of sec. 3845 to which we have before referred.

It follows from these views that the judgment of the circuit court is correct, and must be affirmed.

*By the Court.*— Judgment affirmed.