Brill vs. Estate of Ide.

BRILL, Respondent, vs. ESTATE OF IDE, Appellant.

*October 22 — November 5, 1889.*

*Claims against estates of decedents.*

1. The order limiting the time for presenting claims against the estate of a decedent should also fix the times and places for the examination of such claims.
2. An order limiting the time for presenting claims did not fix times and places for their examination, but directed that notice thereof should be given. The notice, as given, stated that claims would be received and examined at a time subsequent to that limited by the order for their presentation. *Held*, that the proceedings were so defective that the time for presenting claims had not been legally limited, and the court might thereafter, by order, allow a claim to be presented and adjusted.

APPEAL from the Circuit Court for *Portage* County.

The will of Spencer Ide having been duly admitted to probate, and letters testamentary having been issued to G. W. Coxhead, the county court, on May 5, 1887, ordered

that six months from and after that date be allowed and limited to creditors to present their claims against said deceased for examination and allowance, and "that notice of the time and place when and where said court will receive, examine, and adjust such claims, be given by publishing the same for four successive weeks," etc. In pursuance of said order a notice was published, reciting that six months from and after May 5, 1887, had been allowed for creditors to present their claims, and stating that the county court would "on the first Tuesday, being the 5th day of July, and on the first Tuesday, being the 6th day of December, 1887, at the probate office in the city of Stevens' Point, Wis., receive, examine, and adjust all claims and demands of all persons against the said Spencer Ide, deceased." This notice was signed: "J. R. KINGSBURY, County Judge."

Afterwards, on petition of *Louis Brill*, filed February 6, 1888, the county court, on April 4, 1888, ordered that the time for creditors to present their claims against said estate be extended six months from November 5, 1887. From that order the executor appealed to the circuit court; and from an order of the latter court, affirming the order of the county court, he has appealed to this court.

For the appellant there was a brief by *Synon & Frost*, and oral argument by *D. E. Frost*.

For the respondent there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*.

COLE, C. J. This court has frequently held that, to bar a claim against an estate, the provisions of a statute upon the subject must be substantially complied with. In this case the county court, upon the application of the executor, made an order on the 5th day of May, 1887, requiring creditors to present their claims and demands to the court for examination and allowance within six months from that date. But the order did not appoint or designate any

time and place when and where the court would receive, examine, and adjust such claims, as is required by sec. 3839, R. S. That section expressly provides that the county court shall appoint convenient times and places when and where the court or commissioners will receive, examine, and adjust claims against the estate. The language is clear and distinct, and evidently contemplates that the order itself shall designate or fix " the times and places " for such examination of claims. It is true the order further provided that notice of the time and place when and where the court would receive, examine, and adjust the claims should be given by publishing the same in the newspaper named; accordingly a notice, signed by the county judge, which did designate such times and places, was published. But this designation of the " times and places " in the published notice did not, and could not, operate to cure the defect in the original order, which omitted these important requisites. For, as we have said, the statute contemplates that the " times and places when," etc., shall be stated in the order itself, and thus become a part of the records, to which interested parties may resort for information.

But there is a further objection to the notice as published, which is that it attempts to enlarge the time within which claims could be presented. By the order creditors were limited to six months from May 5th. The time would of course expire on the 5th of the following November. But the published notice is that the county court will, on the first Tuesday of July, being the 5th day of the month, and on the first Tuesday, being the 6th day, of December, 1887, at the probate office in the city of Stevens Point, Wis., receive, examine, and adjust the claims of all persons against the estate of the deceased. Thus the published notice and order are in direct conflict as to the limitation of the time for the presentation of the claims. There should be no such

confusion or uncertainty in the proceedings which bar a creditor of his right to collect a claim against an estate. The statute does not sanction or warrant it. It is said the county judge had no power to give this notice, and appoint the times and places where claims would be received, but that these things should be fixed by the court itself. We have already indicated that this is a correct view of the statute, and that the "times and places when," etc., should be set forth in the order made by the court. In *Ashley v. Eggers*, 59 Wis. 563, it was claimed that the county court should give the notice, but the point was not there decided, and it is not necessary to decide it here. The defective order and notice cannot operate to limit or bar the right of a creditor to present his claim against the estate for examination or allowance. The proceedings have been so irregular and defective that no such legal consequences can be attached to them. It follows, from this view, as the time for the presentation of claims against the estate has not been legally limited, the county court had power, under sec. 3840, R. S., to make an order to examine and adjust a claim, as it did do by the order of April 4, 1888. *Large v. Large*, 29 Wis. 60.

*By the Court.*— The order of the circuit court is affirmed.