McCormick vs. Herndon.

McCormick, Appellant, vs. Herndon, Respondent.

*December 18, 1886 — January 11, 1887.*

*(1-3) Deed absolute or mortgage? Evidence: Instructions to jury. (4) Evidence: Transactions with deceased persons: Form of objection. (5) Ejectment: Former adjudication: Judicial notice.*

1. To show by parol that a deed absolute in form is a mortgage, the evidence must be clear and convincing.

2. The question being whether a deed absolute on its face, given by G. to W., was a mortgage, an instruction that a mortgage of land is to secure the payment of money owed by the mortgagor to the mortgagee, and that if when G. made the deed to W. it was understood that G. was under no obligation or promise to pay W. anything, but W. gave him the option to repurchase the land if he chose, the transaction was not a mortgage,—is *held* correct and not misleading.

3. An instruction that there was no evidence that W. or his heirs had ever claimed that the deed was an absolute conveyance, "or that it was anything else than a mortgage," is *held* to have been properly refused, because it would imply that W. or his heirs had admitted that the deed was in fact a mortgage.

4. An objection to evidence of personal transactions with a person since deceased, under sec. 4069, R. S., should be to the competency of the witness.

5. In an action of ejectment the court will not take judicial notice of a former adjudication in an action between the same parties involving other lands to which the title was the same as the title to the land in suit. Such former adjudication must be proved as a fact. [What the effect of such an adjudication would be, not determined.]

McCormick vs. Herndon.

APPEAL from the Circuit Court for *Grant* County.

The case is thus stated by Mr. Justice CASSODAY:

"This action of ejectment was commenced July 2, 1885, to recover the forty acres of land described. The complaint alleged that the plaintiff was the owner in fee-simple absolute, and entitled to the possession, which was unlawfully withheld by the defendant. The answer admitted that the defendant was in possession, but denied that the plaintiff had any title, either legal or equitable. To maintain his title, the plaintiff proved an entry of the land by John A. Garner, January 16, 1855; a warranty deed from John A. Garner to William H. Garner, September 11, 1858; that William H. Garner died in 1873 or 1874, leaving a widow and five children; and a quitclaim deed from the widow and children to the plaintiff, December 12, 1883. To defeat such title, the defendant proved the record of a mortgage from John A. Garner to John B. Wheeler, executed May 2, 1855, given to secure $200 due and payable May 2, 1860, and the record of a warranty deed from William H. Garner and wife to John B. Wheeler, executed July 9, 1859, recorded April 24, 1862, reciting a consideration of $175; a tax deed to John Yeager, executed and recorded May 16, 1883; a quitclaim deed from John Yeager and wife to the defendant, executed July 2, 1883, and recorded August 30, 1883, reciting a consideration of $315. The plaintiff then offered in evidence certain depositions taken in Nebraska, August 29, 1884, said to have been used in a former action of ejectment, in which this plaintiff recovered from the defendant the possession of twenty other acres of land as to which the title was the same as to the land in question, except as to the tax deed; and also in another action between the same parties, wherein the plaintiff sought to remove the tax deed as a cloud upon his title. The depositions were received against the objection of the defendant, and the court, by consent of both parties, then

reserved for its own decision all questions in this case, except as to whether the deed from William H. Garner and wife · to John B. Wheeler was a mortgage. That question was thereupon tried, and, under the charge of the court, the jury returned a verdict in favor of the defendant; and from the judgment entered thereon the plaintiff appeals."

For the appellant there was a brief by *Bushnell & Watkins*, and oral argument by *Mr. Bushnell*.

For the respondent there was a brief by *Clark & Mills*, and oral argument by *Mr. Mills*.

CASSODAY, J. The court charged the jury, as a matter of law; that the tax deed was void for material errors in the tax proceedings antecedent to it; and therefore that the defendant had no valid legal title to the land. This took all question as to the tax deed out of the case. The only defense left was that, prior to the death of William H. Garner, he and his wife conveyed the land to Wheeler by warranty deed. To do away with the effect of that deed as an absolute conveyance, the plaintiff sought to prove that it was given to secure the repayment of money and hence was nothing but a mortgage. But the jury found, in effect, that it was not a mortgage, but an absolute conveyance of the land. We think there was evidence sufficient to sustain this verdict. This being established as a verity in the case, it follows that William H. Garner had no title to the land at the time of his death, and consequently his widow and heirs conveyed none to the plaintiff. It is to be remembered that "the occupation of such premises by another person" must "be deemed to have been under and in subordination to the legal title, unless it appears that such premises had been held and possessed adversely to such legal title" for one of the periods mentioned in sec. 4210, R. S., before the commencement of this action. *Toomey v.*

*Kay*, 62 Wis. 106; *Evans v. Enloe*, 64 Wis. 675. We do not think the evidence established such possession adverse to Wheeler for the time required. The charge to the effect that upon the face of the record introduced the plaintiff had not the legal title to the land, was the mere assertion of a fact, for, as stated in the charge, there was no proof that Wheeler ever deeded it to any one.

The court, among other things, instructed the jury, in effect, " that a mortgage of land is to secure the payment of money owed by the mortgagor to the mortgagee. If when Garner made this deed to Wheeler it was understood between the parties that Garner was under no obligation or promise, either verbal or written, to pay Wheeler anything, but Wheeler gave him the option to repurchase the land if he chose, then the transaction was not a mortgage and the jury must regard Wheeler as the owner of the land." This instruction was excepted to as a whole. There was certainly evidence upon which to base it. The first part of the instruction, which is said to be particularly misleading, is correct as an abstract proposition, and was manifestly introduced merely to characterize the last part. We cannot think the jury were misled by it. There was no error in charging the jury, in effect, that, to show by parol that a deed absolute in form is a mortgage, the evidence must be clear and convincing. This court has frequently so declared.

Exception was taken because the court refused to charge the jury to the effect that there was no evidence that Wheeler or his heirs had ever claimed that the deed to him was an absolute conveyance in fee of the land, " or that it was anything else than a mortgage." Such instruction would have been misleading, as it would have carried with it an implication that Wheeler or his heirs had admitted that the deed was in fact a mortgage.

The defendant went into possession under a quitclaim

deed from John Yeager, who was a witness for the defend-
ant.  As such witness, he was asked this question:  "Do
you know anything, if so, what, concerning the title the
Garners had in that land, or claimed to have in it, or
claimed not to have in it?" to which question the plaintiff
objected as incompetent, irrelevant, and immaterial.  The
objection was overruled, and the witness testified, in effect,
that William H. Garner told him some years before that he
had no title to that land; that the title was in some relative
of his in the east; that as long as he paid the taxes he had
the privilege to live on it.  The significance of this testi-
mony is apparent, in view of other evidence in the case
tending to show that William H. Garner was in possession
of the land when he made the statement referred to, and
that he was the brother-in-law of Wheeler, to whom he had
conveyed the land.  But the objection taken was not suffi-
ciently specific to raise the question of the competency of
the witness under sec. 4069, R. S., to testify to a communica-
tion from William H. Garner, who subsequently died, and
under whom the plaintiffs claim title.  The testimony of
the witness was certainly relevant and material, and in fact
competent.  If there was any incompetency, it was in the
witness giving testimony of that nature, and not in the
testimony given.  *Union Nat. Bank v. Hicks, ante,* p. 189.

It is claimed that the questions of title and possession
here involved had been adjudicated by the same court in a
former action in ejectment, in which this plaintiff recovered
from this defendant the possession of another piece of land
of twenty acres, as to which the title was the same as to the
land in question, except as to the tax deed.  But as no such
former adjudication was either pleaded or proved, we do
not regard the question before us for consideration.  It is
said that the records of the court in such other case were
present, and that the court took judicial notice of them;
and, besides, that the facts shown by such records stood ad-

mitted.   We fail to find in the record any such admission, or that the court took such judicial notice; besides, we are not aware of any rule of law authorizing such judicial notice.   If the plaintiff relied upon such former adjudication, she should at least have proved it as a fact in the case.   It seems that at common law a verdict and judgment in ejectment were not conclusive.   It is said that no uniform rule prevails upon the subject.   For authorities and discussion upon the subject, but without indicating any opinion, we refer to Bigelow on Estoppel (4th ed.), 121, 122; Wells on Res Adjudicata, tit. "Ejectment;" Abbott's Trial Evidence, 713, ch. 48, subd. 33.   See, also, *Wilson v. Henry*, 40 Wis. 594; *Stephenson v. Wilson*, 50 Wis. 95.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 31 N. W. Rep. 306.— REP.