Pritchard vs. Pritchard, Adm'r, etc.

PRITCHARD, Respondent, vs. PRITCHARD, Administrator, etc., Appellant.

*September 21 — October 11, 1887.*

*Appeal: Contract: Evidence: Gift: Parent and child: Witness.*

| 69 | 373 |
| 80 | 503 |
| 69 | 373 |
| 97 | 376 |
| 69 | 373 |
| 104 | 607 |
| 69 | 373 |
| 114 | 282 |

1. A verdict, found upon evidence sufficient to warrant it if believed by the jury, will not be set aside on appeal as being contrary to evidence.

2. To enable a son to recover compensation for support and maintenance furnished to his deceased father, he must prove an express contract that he shall be paid. Such a contract may be established by circumstantial evidence, provided the circumstances be clearly proved and are equivalent to direct and positive proof.

3. In an action against an administrator to recover for board and lodging furnished to the decedent, the plaintiff may be permitted to testify that deceased had boarded with him, and for how long a time, for how long he had been absent, and what kind of board he furnished, and also that he had in his possession and showed to others, before the death of the decedent, his own note payable to decedent, which he claimed to be a gift, those being independent facts and not personal transactions with the deceased.

4. A statement made by a deceased person to a third party, that he had made a gift and delivered the property to the donee, is competent evidence of such gift, in an action between the donee and the administrator of the deceased.

APPEAL from the Circuit Court for *Racine* County.

The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Hand & Flett*, and oral argument by *Mr. Hand.* They contended that plaintiff's testimony as to boarding the deceased related to personal transactions with him, and was inadmissible. *Reed v. Jones*, 15 Wis. 40; *Lawrence v. Vilas*, 20 id. 381; *Real v. People*, 42 N. Y. 279. And his other testimony was incompetent. *Mack v. State*, 48 Wis. 271; *Gay v. Fretwell*, 9 id. 186; *Van Valkenburgh v. Milwaukee*, 43 id. 574; *Johnson v. Filkington*, 39 id. 62; *Plant's Mfg. Co. v. Falvey*, 20 id. 200. There was no proof sufficient to establish an express con-

tract, such as is necessary to make a father liable for services rendered by his son. *Ward v. Henry*, 19 Wis. 76; *Kilkelly v. Martin*, 34 id. 525; *Brightman v. Eddy*, 97 Mass. 478; *Stilling v. Thorp*, 54 Wis. 528; *Pond v. Williams*, 1 Gray, 630; *Hall v. Finch*, 29 Wis. 278; *Williams v. Hutchinson*, 3 N. Y. 319; *Duffey v. Duffey*, 44 Pa. St. 402; *Bash v. Bash*, 9 id. 260; *Lynn v. Lynn*, 29 id. 369. There was no sufficient evidence of a gift of the notes to the son.

*H. A. Cooper*, for the respondent.

ORTON, J. The respondent filed his claim against the estate of his father, Robert Pritchard (deceased), in the form of an amended complaint, in the county court of Racine county, in substance, for the use of room, and for board, food, necessaries, including washing, by the deceased, from about September 15, 1878, until his decease on the 18th day of July, 1882, at the rate of $4 per week, deducting the sum of $78.75 for payment thereon, and for six months' absence therefrom. To this there was a general denial by the said administrator, and a counterclaim for one note of $300, and interest thereon of $105, given by said respondent to said deceased, and for a note of $50, and interest thereon of $3.50, given by one Evan Roberts to said deceased, for cash in possession of the deceased at the time of his death of $60, and for certain furniture belonging to the deceased of the value of $18.75. Upon the trial of said contested claim before the judge of said county court, and upon the testimony, there was allowed the said respondent the sum of $320 only, and from said decision and judgment the respondent appealed to the circuit court of Racine county.

The material issues tried in the circuit court were — *First*, whether there was an express contract between the respondent and the deceased for the room, board, food, washing, and lodgings so charged, and the performance

thereof, and the number of weeks of the same; and, *secondly*, under the replication of the respondent, that said two notes were given to the respondent and delivered to him as gifts *inter vivos* by the deceased in his life-time, and belonged to the respondent at the time of his death. All of the errors assigned relate to these issues. The jury found a special verdict that such a contract was made about October 1, 1878; and that the deceased, in his life-time, was so provided by the respondent 164 weeks, excluding thirty-five weeks' absences, and that nothing had been paid thereon; that the deceased in his life-time gave to the respondent said $300 note with the intention of canceling the same, and that he gave to the respondent said $50 note as an absolute gift, as alleged in said replication. The jury also found that the respondent had paid certain claims for the estate of $13.65, and that he had received money and furniture from the estate of the value of $78.75 as admitted. But these items do not figure in the errors assigned. The errors will be disposed of in their order.

1. The testimony of the respondent objected to, that the deceased during said time was absent so many weeks, for the purpose of showing how many weeks he boarded with the respondent, and the testimony of the respondent that he had possession of the $300 note, and had shown it to Christenson and Bauman before the death of the intestate, and that deceased, while living, boarded with the respondent, and the kind of board he received, may be considered together, as resting upon the same objection that they were transactions with the deceased under the " ban " of the statute. Sec. 4069, R. S. These are independent facts, and in no sense transactions with the deceased. They were like unto the evidence decided to be competent in *Belden v. Scott*, 65 Wis. 425, that the plaintiff kept the books of the deceased, and with how much labor, and the value of the services. See, also, *Daniels v. Foster*, 26 Wis. 686. The

objection that testimony to show the quality of the board, and the number of weeks, tended to show that plaintiff's claim for such board rested upon a *quantum meruit*, and not upon an express contract, is answered by the fact that it was proper to prove that such express contract, if established, had been performed; and, in the absence of any offer to introduce such evidence for the purpose of predicating the claim upon a *quantum meruit*, it must be assumed that it was offered only for such proper purpose.

2. It is objected that statements of the deceased in his life-time to third persons are incompetent to prove the delivery of a gift *inter vivos*. It may be true that such evidence is not of the most satisfactory character, but that it is competent, for what it is worth, to establish such a fact, as of any other fact admitted by the party in interest, I think has never been doubted in any case, much less has it been excluded as incompetent. In *Rockwood v. Wiggin*, 16 Gray, 402, and *Coleman v. Parker*, 114 Mass. 30, cited by the learned counsel of the appellant as authority for such objection, the statements only tended to show that the deceased, in his life-time, intended to make a gift *causa mortis*, or that he would thereafter make the gift and delivery. That evidence was held incompetent in those particular cases to establish such a gift. I do not think it has ever been held that the statements of the donor to third persons, that he had made a gift and delivered it to the party who claims to be the donee, are incompetent as evidence; but such evidence by all authority is weak and unsatisfactory without corroboration. The statements here are that the gift *had already been made*, and are corroborated by the donee or respondent having had possession of the notes in the life-time of the deceased.

3. It is claimed by the learned counsel of the appellant that the court instructed the jury that the contract for such boarding and support, between the respondent and the de-

ceased in his life-time, might be established by circumstantial evidence. Without quoting the language of the charge upon the proof necessary to establish an express contract for such support and maintenance, it is sufficient to say that the charge was very strong and positive that an express contract must be proved; and when the jury are instructed " that such express contract may be established by what is called circumstantial evidence," it was with the qualification " that only such circumstances, clearly proved, as are equivalent to *direct and positive proof*," are sufficient. Circumstantial evidence, and evidence by which a contract might be implied in the absence of direct and positive evidence of an express contract, if sufficiently clear and satisfactory, may establish an express contract. This is the doctrine, as I understand it, laid down in the recent case of *Emerson v. Durand*, 64 Wis. 111. This charge lays down a still more stringent rule. An express or special contract necessary to be shown to entitle one partner to charge the firm for personal services, considered in the above case, rests upon the same principle or legal requirement of establishing such a contract between parent and child for personal support and maintenance. In either case the evidence, circumstantial or positive, must be sufficient to show a special or express contract, and such was the charge in this case. The statements of the deceased in his life-time to Ellen Roberts of the terms of the contract testified to by her are corroborated by the facts that he was very old, and needed and desired a permanent home, and selected the respondent from among his children to board, lodge, and take care of him, and give him a separate room, and a home; and that he was in good pecuniary circumstances, and had abundant means for his own support, and that the respondent was poor, and in straitened circumstances, and could not reasonably afford the gratuitous support and maintenance of his father for so long a time. To this ex-

tent, at least, these circumstances may tend to show that such support was upon an express contract. And to the same effect are the statements of the deceased in his lifetime to others, that he had given the said notes to the respondent, corroborated by the fact that the respondent was in possession of them before his death.

4. It is lastly claimed by the learned counsel of the appellant that the verdict ought to have been set aside, and a new trial granted, on the ground that the verdict is contrary to the law and the evidence. It may be conceded that the evidence of an express contract for such support, and of the gift or cancellation of the $300 note, and of the gift of the $50 note, is not very strong or conclusive, and the facts that said $300 note was so long kept by the deceased in his life-time, unpaid and without credits, and that the respondent paid interest upon it, and that nothing was paid for such support, raise a strong probability that no such contract was made, and that the said notes were not given to the respondent as gifts *inter vivos*. But there was evidence, if believed (and its credibility was a question for the jury), sufficient to warrant the jury in finding as they did; and this court would not be warranted, according to the well-established rule in such cases, to disturb the verdict. The case was fairly tried, and the instructions to the jury were full and fair, and strictly correct in the law.

*By the Court.*— The judgment of the circuit court is affirmed. .

See note to this case in 34 N. W. Rep. 507.— REP.