SUCKE and others, Respondents, vs. HUTCHINSON, Appellant.

*October 5 — October 22, 1897.*

*Practice, objection to testimony: Transaction with deceased agent:* Quan-
tum meruit.

1. The objection to the admission of the testimony of a party in respect
   to transactions with the agent of the adverse party who has died
   before the trial, under sec. 4070, R. S., must be to the competency
   of the witness to give such testimony. It is not sufficient to ob-
   ject merely to the competency of the testimony.
2. Testimony by a plaintiff in respect to the quantity of lumber which
   he sawed for the defendant, under a contract made with her agent,

since deceased, that he measured such lumber and entered the amount in his book, is not subject to the objection that it relates to personal transactions with the deceased agent; though his testimony that such agent looked over those entries and apparently acquiesced in them might have been excluded on that ground if properly objected to.

3. Under a complaint which alleges that certain work was done for defendant at an agreed price and also alleges that it was reasonably worth that price, the plaintiff may recover on the *quantum meruit* if no election is demanded and he fails to prove the agreed price.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

The facts are stated in the opinion.

For the appellant the cause was submitted on the brief of *J. M. Clarke.*

For the respondents there was a brief by *Stark & Hanson,* and oral argument by *Joshua Stark.*

CASSODAY, C. J.    The complaint alleges, in effect, that on and between October 1, 1895, and July 1, 1896, the plaintiffs, as copartners, at the special instance and request of the defendant, sawed hardwood timber to the amount of 289,592 feet for the defendant, at the agreed price and of the reasonable value of $3.75 per thousand feet, making altogether $1,085.97; that no part thereof had been paid, except $884, paid at various times between June 1, 1896, and July 30, 1896; and that there was still due from the defendant, for such work and labor, to the plaintiffs, $201.97 and interest thereon from July 30, 1896; and demands judgment for that sum.    The answer admitted the partnership and the sawing of some hardwood lumber for the defendant, but denied that such sawing was reasonably worth $3.75 per thousand feet, or that there was an agreement to pay therefor $3.75 per thousand; and alleged that the plaintiffs agreed to saw the lumber for $3.50 per thousand feet, and that the defendant had paid

or caused to be paid to the plaintiffs in full for lumber sawed for her or at her request, and denied every allegation not so admitted. The cause was thereupon referred to a referee, and, upon the close of the trial before him, he found and reported to the court, as matters of fact, in effect the same as alleged in the complaint, and, as a conclusion of law, that the plaintiffs were entitled to judgment against the defendant for $210.28, with costs. Such findings and report of the referee were confirmed by the court, and judgment was entered thereon accordingly. From that judgment the defendant brings this appeal.

It may be questionable, in view of the admissions in the answer, whether the denial of things not admitted raised any issue as to the amount of lumber sawed by the plaintiffs for the defendant. But, assuming that it did, still the positive testimony on the part of plaintiffs is to the effect that they measured and kept account of the lumber as sawed, and entered the same upon their books, and that the amount was 289,592 feet, and that Hamilton, who represented the defendant in respect to the same, looked over such entries in their books, and apparently acquiesced in the amount of such entries. The defendant attempts to account for the disposition of the lumber to different parties, and in that way concedes that there was 257,575 feet; but such evidence is very unsatisfactory as to the exact amount of the lumber sawed.

It is claimed, however, that such evidence on the part of the plaintiffs was inadmissible, by reason of the fact that Hamilton died prior to the trial, without his testimony having been taken. The statute made each of the plaintiffs incompetent to testify "in respect to any transaction or communication by him personally with" Hamilton. R. S. sec. 4070. Had timely and proper objections been made as to their competency to testify as to Hamilton's examination of such entries in the books, their testimony in that respect would probably have been excluded; but no such objection

Sucke and others vs. Hutchinson.

was made. This court has held that an objection to the rel-
evancy or materiality or even to the competency of such
testimony is insufficient, and that, to be effectual, the objec-
tion should be to the competency of the witness to testify
as to such transaction or communication. *Union Nat. Bank
v. Hicks*, 67 Wis. 194; *McCormick v. Herndon*, 67 Wis. 652.
But the testimony of the plaintiffs as to the sawing and
measuring of the lumber, and entering the amount so sawed
in their books, was not as to a transaction or communication
by any of such plaintiffs personally with Hamilton, within
the meaning of the statute. *Belden v. Scott*, 65 Wis. 425;
*Pritchard v. Pritchard*, 69 Wis. 373. The evidence seems
to sustain the findings of the referee as to the amount of
the lumber sawed.

Another issue in the case is as to whether the agreed price
for the sawing was $3.75, or only $3.50. One of the plaint-
iffs being upon the stand as a witness, the defendant's coun-
sel was permitted to examine him; and on such examination
he testified, without objection, to the effect that a written
contract was drawn and signed by the plaintiffs, and deliv-
ered to Hamilton, who took the same away with him. Sub-
sequently the defendant objected to such testimony, as not
responsive to his question, but the referee was not asked to
strike it out, and it was not stricken out. The counsel for
the defendant was requested to produce such written con-
tract upon the trial, but he failed to do so; and there is no
evidence that it was ever signed by the defendant. One of
the defendant's witnesses testified to the effect that he was
present when the bargain was made, and that the plaintiffs
asked $4 per thousand for such sawing; that Hamilton then
offered the plaintiffs $3.75; that, when plaintiffs asked about
the contract, Hamilton said his word was as good as a bond;
and that he heard nothing more about a written contract.
Besides, the complaint alleges that the sawing was of the
reasonable value of $3.75 per thousand feet. No election

was asked for by the defendant. Although the defendant at first objected to evidence as to the reasonable value of such service, yet, after some controversy, she expressly withdrew such objection. The clear preponderance of the evidence is that the sawing was reasonably worth at least $3.75 per thousand feet, and some of the witnesses put it $4.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.