ESTATE OF WINZENRIED: WINZENRIED, Appellant, vs. WINZENRIED and others, Respondents.

*December 8, 1916—January 16, 1917.*

*Bills and notes: Validity: Conditional delivery: Gifts: Judgment not-withstanding verdict: Evidence: Sufficiency: Competency: Oral statements contradicting writing.*

1. A judgment holding valid a note given by a son to his father, since deceased, is *held* to have been proper, notwithstanding the verdict of a jury to the effect that at the time the note was given the father made a gift to the son of the amount for which it was given—the evidence, so far as it tends to show a gift, ·being in direct contradiction of the plain terms of the note itself, and the undisputed testimony showing that the delivery of the note was not conditional, but absolute.
2. There ·having been no attempt by the father to transfer the title to the note, such as by indorsement and conditional delivery, evidence of oral statements by the father subsequent to the making of the note was not competent to contradict its terms.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge.  *Affirmed.*

The estate of Benedict Winzenried was being administered in the county court of Waukesha county.  *A. E. Winzenried* was the administrator of the estate and a son of the deceased. As such administrator he inventoried a note for $4,000, dated July 17, 1912, given by himself, but made a notation upon the inventory that he claimed the amount for which the note was given had been given to him by his father.  He then moved to strike the note from the inventory as an asset of the estate.  The county court of Waukesha county granted the motion, and from the order thereon the objectors appealed to the circuit court.  It was stipulated upon the record by all parties in interest, in open court, that the question as to whether ·or not the alleged note of $4,000, bearing date July 17, 1912, should be included in the inventory as an asset belonging to said estate, or whether during the lifetime of said deceased and at the time said alleged note bears date the principal sum recited therein was a gift from Benedict Winzenried to *A. E. Winzenried,* should be litigated.  While the record presents some unusual features, we treat it as involving the validity of the note dated July 17, 1912.  If the note is valid, the judgment should be affirmed; if not valid, the judgment should be reversed.

Trial was had before the court and a jury, and the jury found that Benedict Winzenried on July 17, 1912, made a gift to his son *A. E. Winzenried* of the $4,000 which was paid to the Waukesha National Bank in discharge of the note which said Benedict Winzenried had signed with his son *A. E. Winzenried.* After verdict the court granted objectors' motion for judgment notwithstanding the verdict, and by the judgment of the circuit court the order of the county court was reversed and the note in question was made a part of the assets of the estate of Benedict Winzenried. From that judgment *A. E. Winzenried* appeals.

For the appellant there was a brief by *Newbury & Jacobson* of Waukesha, and oral argument by *M. A. Jacobson.*

*C. E. Armin* of Waukesha, attorney, and *W. L. Gold* of Milwaukee, of counsel, for the respondents.

ROSENBERRY, J.    The facts are as follows: *A. E. Winzenried* gave to his father a note of which the following is a copy:

"$4,000.                    Waukesha, Wis., July 17, 1912.

"One year after date I promise to pay to the order of B. Winzenried four thousand dollars at the Waukesha National Bank of Waukesha, Wis.

"Value received, with interest at five per cent. per annum, payable semi-annually, until paid.

"No. 4461.                    A. E. WINZENRIED

"Due July 17, 1913."

It appears without dispute that prior to that time Benedict Winzenried had indorsed notes for his son which amounted on the date of the note to $4,000.    There were two witnesses to this transaction, the claimant, *A. E. Winzenried,* and Mr. Estberg, an officer of the bank.    The claimant testified:

"This note for $4,000 we were speaking about was drawn up at the Waukesha National Bank.    At that time my father gave the money to Mr. Estberg for me.    *He insisted upon my signing this note before he paid Mr. Estberg.*    I found among my father's effects a copy of this note."

Mr. Estberg testified in regard to the transaction as follows:

"There was some money put into our bank to discharge a note made by *A. E. Winzenried* and signed by his father for $4,000.    At that time there was a note made running from *A. E. Winzenried* to his father.    I have that with me.    This is a regular, negotiable, promissory note.    This paper or note [set out above] is the note that was given there by *A. E. Winzenried* to his father at the time that he was speak-

ing about. It was left with us after it was executed for collection. He never gave us any instructions at any time to turn this note over to his son *A. E. Winzenried.* It is not indorsed by him."

The note was produced upon the trial by Mr. Estberg.

*A. E. Winzenried* also testified:

"At that time [time of transaction at the bank] I signed some other paper. I signed a paper saying that I had to pay interest. I do not remember reading that paper. This paper was simply to pay interest and I paid that at the bank."

It was undisputed that the claimant had paid three annual instalments of interest. This is all the direct testimony as to the transaction.

The testimony of Meta Kurtzhals, a daughter of Benedict Winzenried, Emma Winzenried, the wife of the son William Winzenried, Agnes Gowans, the bookkeeper for *A. E. Winzenried,* and that of Daniel Schley and George Schley, was to the effect that some time after the note was given Benedict Winzenried made statements to the effect that he had given *Adolph .(A. E. Winzenried)* $4,000, on which he was to pay interest until he (Benedict) died, to even him up with the rest of the boys.

The trial court ordered judgment for the objectors notwithstanding the verdict of the jury. The only question presented is, Did the trial court err in so doing?

Appellant claims that judgment should have been rendered on the verdict (1) upon the theory that parol evidence was admissible to prove that the instrument was never actually delivered, but was deposited conditionally and for a special purpose only, under the provisions of sec. 1675—16, Stats.; (2) that the evidence tending to establish a gift of the $4,000 does not contradict or vary the terms of the note.

The trouble with the first proposition is that there is no evidence in the case which establishes or tends to establish the fact that the note was conditionally delivered. The de-

livery, according to the undisputed testimony, was absolute. The note passed from the son to the father, and by the father was left with the bank for collection.

The evidence, so far as it tends to establish the fact that the father intended a gift, is in direct contradiction of the terms of the note, by the plain terms of which the son was to pay the amount thereof to his father.

The cases of *Pirie v. Le Saulnier,* 161 Wis. 503, 154 N. W. 993; *Pritchard v. Pritchard,* 69 Wis. 373, 34 N. W. 506; and *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229, are not authority to the proposition that parol evidence may be received to contradict or vary the terms of a written instrument. In the cases cited there was evidence of prior contract. Evidence as to statements made by the deceased was admitted in each case to corroborate and establish the fact that a contract was made, and in those cases there was no instrument in writing which stated and determined the relation of the parties. That evidence of oral statements made by the ·donor subsequent to the making of the writing in question is not competent to contradict the terms of the writing rests upon elementary principles so. familiar that the citation of authority is needless. If there had been any attempt to transfer the title to the note, such as by indorsement and conditional delivery, subsequent statements of the donor might be received for the purpose of corroborating and establishing the fact that such transfer was made. There is no proof of any circumstances of that character in this case. We think the trial court was clearly right in entering judgment for the objectors notwithstanding the verdict.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.