ZIMDARS, RESPONDENT, vs. ZIMDARS, Administratrix, Appellant.

*December 3, 1940—January 7, 1941.*

*J. E. O'Brien* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *E. W. Hooker*.

WICKHEM, J. The facts out of which this controversy arose may be briefly stated. For some years prior to August 12, 1935, Albert Zimdars, deceased, lived with his brother, Charles Zimdars, at the home of the latter at Waupun. At that time neither was married. On August 12, 1935, Albert Zimdars married defendant, who was then employed as housekeeper at the home of Charles Zimdars. At this time Albert Zimdars was the owner of two pieces of real estate and he and his wife moved from the home of Charles Zimdars and occupied one of his houses. Shortly after his marriage, Albert made a will leaving all of this property to his wife. On August 12, 1936, he executed a deed conveying all his property to a third person and took a deed to himself and defendant as joint tenants. These deeds were recorded on February 4, 1937, and thereafter the will was destroyed. Albert Zimdars died in 1938, whereupon Charles Zimdars made a demand upon defendant for the payment of a board bill claimed to be due from Albert prior to his marriage. Payment was refused, but upon the claim being pressed, application was made to the county court for administration of Albert's estate. The claim of Charles Zimdars was presented in county court and allowed November 2, 1938, at $534.

There being no estate other than the property held jointly by defendant and her deceased husband, this action was brought to set aside the transaction as fraudulent to creditors. The trial court found that it was fraudulent in fact, and granted the relief demanded.

The first assignment of error is that defendant Bertha Zimdars when called adversely was erroneously permitted to answer five or six questions calling for a transaction with a deceased person. A typical question was, "Well, now, you knew that Charlie Zimdars was making some claim against your husband for board money." The objection was thus phrased:

"That is objected to as calling for a transaction with a deceased person and calling for confidential and privileged communications between husband and wife and is immaterial to any claim against the deceased husband."

There are several reasons why defendant's objection was properly overruled. In the first place, the objection was to the evidence and not to the competency of the witness. *Union National Bank v. Hicks,* 67 Wis. 189, 30 N. W. 234; *McCormick v. Herndon,* 67 Wis. 648, 31 N. W. 303; *Sucke v. Hutchinson,* 97 Wis. 373, 72 N. W. 830; *Cornell v. Barnes,* 26 Wis. 473; *Wells v. Chase,* 126 Wis. 202, 105 N. W. 799. In the second place, there is no indication from the question itself that it is based upon or calls for a communication had personally with a deceased person. Charles Zimdars is alive, and there is no indication that she did not get her information from him rather than from her husband. In the third place, the witness was being examined adversely by plaintiff's counsel and was not testifying in her own behalf or interest. *Estate of Southard,* 208 Wis. 150, 242 N. W. 584, is cited as authority for defendant's position. That was a case, however, where husband and wife claimed to have received a gift of $1,500 from testatrix, and his wife was permitted to testify as to conversation which she had had with the testatrix.

Obviously, that was a different case. There the objection was to the competency of the witness—the wife was testifying in her own behalf, and she was seeking to testify to a communication had by her with decedent. Finally, the answers to the questions were all favorable to defendant, and the admission of the evidence could not, in any event, have been prejudicial to her.

The second assignment of error is that, assuming the admissibility of the evidence, there was no clear and satisfactory showing of actual fraud in the conveyance. Reliance is had upon the rule stated in *Miller v. Lange,* 234 Wis. 460, 462, 290 N. W. 618, that plaintiff in such cases has the burden of proving fraudulent intent by "clear, satisfactory, and convincing evidence." This rule is well established, and hence we proceed to examine the evidence. It is clear from the evidence that at the time the joint deed was made defendant knew of plaintiff's claim for board. It is equally clear from her own testimony that the purpose of the deed was not to save the expense and trouble of probating the will but to avoid claims against the estate. She was advised by the lawyer who drew the deed that if she had a "jointed deed" the property would not be subject to claims against her husband on his death. The testimony of Charles Zimdars is to the effect that after Albert's death he made demands upon the widow and she told him that he could get nothing because she had a joint deed, and that she had the joint deed made so that he could not get anything. We deem the findings of the trial court amply supported.

It is next contended that there is no proper proof that Charles was a creditor of Albert Zimdars. The claim was established and allowed against the estate of the grantor in county court. It would seem clear that this is either conclusive or *prima facie* evidence against defendant. Assuming that it is not, however, the evidence is sufficient to establish the claim provided the testimony offered was properly admis-

sible. Plaintiff offered in evidence an excerpt from the testimony of Addie Zimdars, wife of claimant Charles Zimdars, which had been taken in county court in support of the claim of Charles Zimdars. Addie Zimdars had died since the proceedings in county court. It is claimed that the court erred in receiving in evidence this testimony at a former trial because not within the terms of sec. 325.31, Stats., which provides as follows:

"The testimony of a deceased witness . . . shall be admissible in evidence in any retrial, or in any other action or proceeding where the party against whom it is offered shall have had an opportunity to cross-examine said witness, and where the issue upon which it is offered is substantially the same as the one upon which is was taken."

The evidence is admissible by the terms of the statute. In both cases the issue was whether Charles Zimdars was a creditor of Albert Zimdars. Defendant had an opportunity to cross-examine upon the first trial, and precisely the same motive and objective in conducting such examination.

Defendant objected also to the competency of declarant to testify as to communications with a deceased person. The objection is not well taken because declarant claimed no interest in the debt and was not testifying in her own behalf.

*By the Court.*—Judgment affirmed.