WILL OF SCHULTZ: YUNGWIRTH, Appellant, vs. SCHULTZ, Executor, and others, Respondents.

*May 26—July 1, 1948.*

For the appellant there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *O. B. Strossenreuther*.

For the respondents there was a brief by *Clifford C. Mullarkey* and *Nathan E. Wiese,* both of Clintonville, and *Richard E. Johnson* of Waupaca, and oral argument by *Mr. Mullarkey*.

ROSENBERRY, C. J.   On behalf of Ella Yungwirth it is argued that the legacy was not adeemed by the sale of the premises described in the will.   We do not find it necessary to determine this question.

It is further argued that the court erred in excluding the testimony of Walter Schultz which, if admitted with other testimony, would have established a trust in the proceeds of the sale of the house in Ella Yungwirth as beneficiary.

In the first place the objection made upon the trial was not sufficient to raise the question whether Walter was a competent witness in behalf of Ella Yungwirth, the objection being upon the ground that it called for a transaction with a deceased person, did not raise the question as to his competency.   *Zimdars v. Zimdars* (1941), 236 Wis. 484, 295 N. W. 675.

However, in view of the fact that the case must be remanded for a new trial, at which time a proper objection would probably be made, we deem it advisable to deal with the question at this time, inasmuch as it has been fully argued.

Sec. 325.16, Stats., provides:

"No party or person in his own behalf or interest, and no person from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased or insane person in any civil action or proceeding, in which the opposite party derives his title or sustains his liability to the cause of action from, through or under such deceased or insane person," etc.

The statute abrogates the common-law rule that interest disqualifies a witness, but is limited in its operation to the remedial provisions which effect that abrogation and does not disqualify a party to a contract or cause of action from testifying, but only from testifying in his own favor or in favor of any party to the cause of action claiming under him. *Zimdars v. Zimdars, supra; Dilger v. Estate of McQuade* (1914), 158 Wis. 328, 148 N. W. 1085; *Crowe v. Colbeth* (1885), 63 Wis. 643, 24 N. W. 478. See also *Darnell v. Darnell* (Mo.), 174 S. W. (2d) 812, 149 A. L. R. 1125, and cases cited in note.

By the residuary clause of the will all the rest and residue of the estate was devised and bequeathed to the daughter Anna Abraham and Walter Schultz. Anna Abraham predeceased the testator, leaving issue. It is therefore apparent that if a trust is established in favor of Ella Yungwirth in the proceeds derived from the sale of the homestead that Walter Schultz will be the loser by at least $1,500. Under the offer of proof made Walter would be testifying against his own interest.

Ella Yungwirth does not claim under, by, or through Walter Schultz. She claims under the trust created in her favor by her father.

We have no doubt that Walter was a competent witness in behalf of Ella Yungwirth. The trial court was in error in excluding the evidence, even if the objection had been sufficient to raise the question of competency.

*By the Court.*—Judgment reversed, and cause remanded for new trial.

MARTIN, J., took no part.