ESTATE OF ROHDE: Rohde, Appellant, v. SKOMSKI, Respondent.

*September 9—October 6, 1959.*

For the appellant there was a brief by *Curley & Sheedy*, attorneys, and *William P. McGovern* of counsel, and oral argument by *Michael J. Barron* and *Francis H. Reiske*, all of Milwaukee.

For the respondent there was a brief and oral argument by *Thomas J. Bergen* of Milwaukee.

BROADFOOT, J. As a general rule, a transfer of property from a parent to a child without explanatory words creates a presumption that the transfer was intended as a gift. The presumption, of course, may be rebutted. The trial court recognized this rule and held that the presumption had been rebutted by proof that the daughter had made payments of $740.18 by making deposits in two savings accounts in the mother's name. Perhaps that fact, considering the amounts involved, would rebut the presumption. We do not determine that issue because in our opinion there is a better ground for upholding the allowance of the three items.

The item of $900 was money advanced to the daughter for the purchase of a car. This item was established as a loan by the testimony of an unrelated witness, as well as by the testimony of Frank Skomski, husband of the claimant and father of the decedent. The administrator concedes that this $900 item was a loan but contends that the payments of $740.18 should be applied thereon and the order should have been entered only for the difference in those two amounts.

The item of $294.51 was evidenced by a check given by the claimant to J. J. Krueger, city treasurer of Milwaukee, on January 11, 1954, in payment of taxes on the daughter's home. The item of $8,329.25 was evidenced by a check given by the claimant to Dunn & Stringer Investment Company in payment of a mortgage on the daughter's home. The mortgage, with that amount due thereon, was satisfied shortly thereafter and the check was cashed by the mortgagee.

Frank Skomski testified that the advancements for taxes and for the payment of the mortgage were made by the claimant at the request of the daughter and that the daughter agreed to repay the items, as well as the car loan. His testimony was objected to on the ground that it involved a transaction with the deceased. He was permitted to testify subject to the objection. This was not a proper objection in that it was made to the evidence and not to the competency of the witness to testify. *Will of Schultz,* 253 Wis. 86, 33 N. W. (2d) 169, *Zimdars v. Zimdars,* 236 Wis. 484, 295 N. W. 675, and other cases cited therein. This testimony was therefore competent and relevant. It is undisputed and is not inherently incredible, so it is entitled to belief. Since there were explanatory words at the time of the three transfers showing that they were loans, the presumption is not invoked.

The trial court did, however, overlook the repayments in the sum of $740.18 made by the daughter. The amount thereof and the fact that she made them are not disputed. The order should be modified to allow a credit for that amount against the total of the three items which were allowed.

*By the Court.*—Cause remanded with directions to modify the order as herein indicated and, as so modified, the order is affirmed. Appellant to have costs.