Estate of Robinson : Prisland and others, Appellants, v. Robinson, Respondent.

*September 4—October 1, 1963.*

For the appellants there were briefs by *Oldenburg & Peckham* of Madison, and oral argument by *Verlin H. Peckham.*

For the respondent there was a brief and oral argument by *Everett C. Holterman* of Madison.

GORDON, J. Ordinarily, Wisconsin does not recognize a holographic will as valid since it does not comply with our statutory requirements as set forth in sec. 238.06, Stats. However, under the Uniform Foreign Executed Wills Act, sec. 238.07, if the testament is valid in the state where it was executed, it shall be deemed legally executed for purposes of Wisconsin law. Thus, if the will were executed in South Dakota, the Wisconsin courts would be obliged to determine whether it conforms to South Dakota law, and, if it does, we would then treat it as a valid testamentary disposition. The trial court concluded that the document was entitled to probate, and we agree with that conclusion.

## Where the Document was Executed.

There was considerable testimony presented at the trial to show that the deceased and his wife, the respondent, left Madison, Wisconsin, for South Dakota on December 28, 1934. The testimony of Mr. Griffin, Mrs. Swezea, and Margaret Robinson undoubtedly persuaded the trial court that Mr. Robinson was in South Dakota at the time he wrote the instrument in question. The trial court's conclusion in this regard is entirely warranted by the record.

The appellants contend that the printed matter on the document, which includes a Madison, Wisconsin, address, contradicts the finding of execution in South Dakota. It is not required that the document show on its face where it was executed. *Stead v. Curtis* (9th Cir. 1911), 191 Fed. 529; *Pounds v. Litaker* (1952), 235 N. C. 746, 71 S. E. (2d) 39. We believe it is clear that the deceased did not intend to incorporate any of the printed matter on the sheet as a part of his holographic will. The handwritten portion of the document constitutes his will, and the printed words, under these circumstances, may be ignored as surplusage. See *Estate of Bower* (1938), 11 Cal. (2d) 180, 78 Pac. (2d) 1012. Extraneous matter appearing on the paper on which the will is written is to be disregarded where such matter does not constitute a part of the will itself. See Atkinson, Wills (2d ed., hornbook series), p. 358, sec. 75. Under the circumstances, we do not consider that the printed matter effectively contradicts the trial court's finding that this will was executed in South Dakota.

While there is no proof that anyone saw Mr. Robinson sign this instrument in South Dakota, there are sufficient facts and circumstances from which the trial court was entitled to reach such conclusion. This is particularly true with reference to the evidence of Mr. Griffin, who not only saw

BOSTON   NEW YORK   CHICAGO   LONDON          ATLANTA  DALLAS  COLUMBUS  SAN FRANCISCO

G. A. PLIMPTON
HENRY H. HILTON
C. H. THURBER
T. B. LAWLER
SELDEN C. SMITH
O. J. LAYLANDER
L. B. ROBESON
MARK R. JOUETT
LeROY J. WEED

NORMAN C. MILLER
E. H. KENERSON
ALLAN L. PRIDDY
MILLARD H. JENCKS
ERNEST N. STEVENS
S. W. NEWELL
HARRY H. WOOD
LEE H. GRIFFIN
HOMER C. LUCAS

## GINN AND COMPANY : PUBLISHERS
### FOUNDED IN 1867 BY EDWIN GINN

*Represented by*

    E. N. ROBINSON          625 MENDOTA COURT, MADISON, WISCONSIN

*Jan 1 1875*

*In case of my death before that of
my wife Rintha, I hereby be-
queath to her all my real
and personal property without
any restrictions whatever.*

    *Ellis N. Robinson*

EXHIBIT 1 –

Appendix
127

the testator in South Dakota but also testified that the testator discussed with him his intention to protect his wife with a testamentary disposition.

The trial court was also warranted in giving credence to the testimony of Mrs. Swezea, who ascribed to the deceased the specific statement that he had made a will that was valid in South Dakota.

The appellants urge that it was error to have admitted the testimony of Rintha Robinson because she was an incompetent witness under sec. 325.16, Stats. This section provides that no interested party shall be examined as a witness "in respect to any transaction or communication by him personally with a deceased . . . person." A long line of decisions by this court has made the operation of sec. 325.16 dependent upon a proper objection. The objection must go to the competency of the witness. If the objection is to the evidence, it is insufficient. This would seem to be a highly restrictive requirement, but it is one which has been persistently followed by this court. Thus, in *Zimdars v. Zimdars* (1941), 236 Wis. 484, 487, 295 N. W. 675, the court said:

"There are several reasons why defendant's objection was properly overruled. In the first place, the objection was to the evidence and not to the competency of the witness. *Union National Bank v. Hicks,* 67 Wis. 189, 30 N. W. 234; *McCormick v. Herndon,* 67 Wis. 648, 31 N. W. 303; *Sucke v. Hutchinson,* 97 Wis. 373, 72 N. W. 880; *Cornell v. Barnes,* 26 Wis. 473; *Wells v. Chase,* 126 Wis. 202, 105 N. W. 799."

The same rule was recognized in *Estate of Rohde* (1959), 8 Wis. (2d) 50, 52, 98 N. W. (2d) 440:

"This was not a proper objection in that it was made to the evidence and not to the competency of the witness to testify. *Will of Schultz,* 253 Wis. 86, 33 N. W. (2d) 169, *Zimdars v. Zimdars,* 236 Wis. 484, 295 N. W. 675, and

other cases cited therein. This testimony was therefore competent and relevant."

The rule has more recently been recited in *Estate of Chmielewski* (1962), 17 Wis. (2d) 486, 493, 117 N. W. (2d) 601. See also, Currie, Transactions with Deceased Persons, 1948 Wisconsin Law Review, 491, 503, where Mr. Justice CURRIE commented as follows:

"In the early case of *McCormick v. Herndon,* our court held that an objection to a question proposed to a witness on the stated ground of it being 'incompetent, irrelevant and immaterial' was not sufficient to raise the objection that it called for a transaction with the deceased person, and that the objection to be proper must be raised to the competency of the witness to testify concerning the matter.
"In other words, it is not the testimony, but rather the witness, that is rendered incompetent by the statute."

Appellants' counsel made several objections to Rintha Robinson's testimony; he challenged it as irrelevant, immaterial, and self-serving. However, he did not object on the ground that she was incompetent to testify, and therefore we must conclude that the absence of a proper objection had the same effect as waiving the statute.

### *When the Document was Executed.*

We have reproduced the will so that the nature of the date on the document may be better understood. From our examination of the instrument (without considering any additional proof), we believe that the trier of fact was entitled to conclude that it was dated January 1, 1935. We recognize that some would interpret the last figure of the date as other than a "5."

The record is devoid of any proof which would contradict the finding of the trial court. The only affirmative proof aside from the face of the instrument itself is in support of

the trial court's finding. Thus, Rintha Robinson *on cross-examination* was asked, "Are you certain that that is a five? Would you state that that is clearly set forth?" Mrs. Robinson's answer was, "Yes, I would. I am pretty well acquainted with his figures and his writing."

The lack of clarity in the date is urged upon this court as a basis for reversal. The only test in this regard imposed by the South Dakota statute is that the will must be "entirely . . . dated." The appellants contend that we should apply a rule of strict construction and reject the instrument on this basis. Perhaps the strongest assertion in support of the appellants' contention is contained in *Succession of Curtis* (1921), 149 La. 487, 89 So. 629, 630, where the Louisiana court said:

"It is well settled that, if any part of the date appearing on an instrument purporting to be an olographic testament is doubtful or uncertain, whether as to the day, month, or year, the effect of the uncertainty or doubt about the date is the same as if the instrument were not dated at all; such an instrument is not a valid olographic testament."

The reason for strict construction in connection with holographic wills is that the absence of the usual formalities required for a will makes it important that the statutory requirements be scrupulously complied with in order to obviate forgery and outside influences. See Note and Comment, When is a Holographic Will Dated? 5 Montana Law Review (1944), 82, 83. Problems attendant to the dating of holographic wills have been multitudinous. See Anno. 147 A. L. R. 898; 2 Page, Wills (Bowe-Parker rev.), p. 288, sec. 20.6.

While strict construction has often been insisted upon, other states have found that substantial compliance with the dating requirement is sufficient. For example, in the case of *Estate of Hail* (1923), 106 Okla. 124, 235 Pac. 916, a holo-

graphic will dated "November 1919" was admitted to probate notwithstanding the absence of the day of the month. The court stated that it regarded the date as written to be a substantial compliance with the statutes. Similarly, in *Estate of Irvine* (1943), 114 Mont. 577, 139 Pac. (2d) 489, 147 A. L. R. 882, the only date on the instrument was the following: "this day of May, 1938." It was held that the date was sufficient under the Montana statute, which required that a holographic will be "entirely . . . dated." Cf. *Estate of Clark* (1942), 55 Cal. App. (2d) 85, 87, 129 Pac. (2d) 969, 971. Another case where substantial compliance was held to be sufficient is *Estate of Durlewanger* (1940), 41 Cal. App. (2d) 750, 107 Pac. (2d) 477.

Our research fails to disclose any cases decided by the South Dakota court which expressly rule on the question of the effect of an obscure date on a holographic document. There are two South Dakota cases which might be understood to favor a rule of strict construction in connection with holographic wills, but since they do not relate to the problem of the date on the instrument, we find that the South Dakota court has not resolved this particular issue. See *Estate of McNair* (1949), 72 S. D. 604, 38 N. W. (2d) 449; *Estate of Brandow* (1932), 59 S. D. 364, 240 N. W. 323.

So far as the dating of the instrument is concerned, we consider that the face of the document, together with the testimony of Rintha Robinson on cross-examination, and the absence of any contrary proof, all support the trial judge's conclusion that the proffered holographic will met the requirements of the South Dakota statute.

*By the Court.*—Order affirmed.