STEWART and others vs. STEWART and another.

EVIDENCE. *(1–3) When wife of one defendant cannot testify for another defendant. (4) How far one named as grantee in a deed can testify, after death of grantor, to facts showing delivery of deed to him.*
NEWLY DISCOVERED EVIDENCE. *(5) Rule in trials by court, before judgment.*

1. Where two or more defendants must rely upon the same defense, so that proof of a good defense as to one establishes a defense as to the other, the wife of one cannot be a witness in behalf of the other, unless the circumstances are such as will permit her to testify directly for her husband. *Birdsall v. Dunn*, 16 Wis. (V. & B.'s ed.), 250 and note; *Hale v. Danforth*, 40 id., 382.

2. Thus, where the issue was, whether a deed of conveyance under which both defendants claimed as grantees therein, was ever delivered to them by the grantor, the wife of one defendant (not being herself a party) could not testify as a witness for the other.

[3. Had the wives been made parties by reason of their inchoate rights of dower (*Foster v. Hickox*, 38 Wis., 408), the rule would have been different.]

4. Though the grantees in a deed, after the death of their grantor, are not competent witnesses in their own behalf to prove any personal transaction or communication had between them and the deceased grantor (Tay. Stats., 1600, § 174), and cannot testify that he delivered the deed to them, nor state any conversations between him and themselves in relation

Stewart and others vs. Stewart and another.

thereto, yet they may testify to other facts which have a bearing upon the question of delivery (as that the deed was in their possession, or under their control, from the day of its date until they placed it on record); and the refusal to permit such testimony in this case was error.

5. Where, after a cause is submitted to a court of equity, and before its decision, a party makes proof of newly discovered evidence, the court should exercise its discretion liberally to enable the parties to put before it all the evidence within their reach, material to the issue.

APPEAL from the Circuit Court for *Waukesha* County.

The parties are the heirs-at-law (and all of such heirs) of Alexander Stewart, late of Waukesha county, who died in March, 1873, intestate. The deceased was never married. He had two brothers, both of whom, and his parents, he survived. The parties are the children of the two brothers, except that the son of a deceased daughter of one of them is a plaintiff. In February, 1860, Alexander Stewart signed, sealed and acknowledged a deed which he had caused to be prepared, in form conveying to the defendants forty acres of land then owned by him, situated in Waukesha county. On the day that Alexander Stewart died, or the next day, the defendants caused such deed to be recorded in the office of the register of deeds of said county. The pleadings admit the facts above stated. This action was brought to procure the cancellation of such deed and the record thereof, to the end that the land which it purports to convey may be distributed to all the parties as intestate estate of which Alexander Stewart died seized.

It is charged in the complaint that the deed was never delivered to the defendants by the grantor therein named, but remained in his possession, undelivered, until his death; and that, a few hours after his death, the defendants surreptitiously got possession of it, and recorded it. The defendants allege in their answer that within a short time after the deed was executed, the grantor delivered it to them "for the purpose of vesting in them the title of the real estate described in the complaint."

The controlling issue made by the pleadings is, whether such deed was or was not delivered by Alexander Stewart to the defendants; and all of the evidence is directed to that issue. There are averments in the pleadings concerning the consideration for the deed, the possession of the land after it was executed, and the failure to record the deed before the death of the grantor; but these are all collateral to the question of delivery.

The circuit judge found from the evidence that the instrument was never delivered to the defendants. Judgment was entered for the plaintiffs for the relief demanded; and the defendants appealed.

The case is further stated in the opinion.

For the appellants, a brief was filed by *Rogers & Hover*, and the cause was argued orally by *Thomas Hover*.

For the respondents, the cause was submitted on the brief of *Cook & Carney*.

LYON, J.   I. On the trial, the wife of each defendant was offered as a witness generally in behalf of the other defendant, and questions were put to each which were pertinent to the issue.   The court sustained an objection to the competency of the wife of one defendant to testify as a witness for the other. This ruling is assigned as error.

The defense of both defendants is one and indivisible.   It was impossible for the wife of one of them to give testimony in favor of the other which would not enure equally to the benefit of her husband.   Had the testimony been received and had it tended to show a delivery of the deed, it would necessarily have tended to show such delivery to the husband of the witness as well as to the other defendant.   We think that in such a case the wife of a defendant is not a competent witness for the other defendant, unless there are special circumstances which would render her a competent witness for her husband also — as for example, where she is called to testify to trans-

actions as agent for the party calling her.   Here there are no such circumstances, and it is apparent that neither wife was a competent witness for her husband.   Hence she was not a competent witness for the codefendant of her husband.   See cases cited in Vilas & Bryant's note to *Birdsall v. Dunn*, 16 Wis., 250; *Hale v. Danforth*, 40 id., 382.

If the deed was delivered to the defendants so as to vest in them the title to the land in controversy, their wives have inchoate dower rights in such land, and although they are not, perhaps, necessary parties to this action, still they would be proper parties thereto.   *Foster v. Hickox*, 38 Wis., 408.   Had they been made parties, a different rule in respect to their competency as witnesses would prevail.

We must not be understood as holding that the wife of a defendant may not be competent to testify for another defendant in respect to some matter which cannot affect her husband. Take, for example, an action against two makers of a promissory note given for the debt of one of them, the other being a mere surety; the latter may interpose the defense that the holder of the note has extended the time of payment thereof without his consent, by a valid agreement to that effect with the other maker.   Now it may be that the wife of the defendant for whose debt the note was given, is a competent witness for the surety to prove such defense, because, if the defense is maintained, it does not affect the liability of the husband to pay the note.   The same point was argued in *Heath v. Keyes*, 35 Wis., 668, but was left undetermined.   We intimate no opinion here as to the competency of the wife of a codefendant as a witness in such cases, but leave the question to be disposed of when a case arises which presents it for adjudication.

II.   Both defendants were called and sworn as witnesses in their own behalf, and (among others) the following questions were put to each of them concerning the instrument or deed in controversy:   "Did you ever see this deed before to-day? If so, state when and where for the first time.   Was it ever in

your possession? If so, state when first. Did you ever deliver this deed to any person? If so, to whom and for what purpose? Did you deliver this deed to your father to keep for you? Where was this deed at the time of the grantor's death?" The court sustained an objection to each of these questions and to others of a similar character.

The defendants were not competent witnesses to prove any personal transaction or communication had between them and the deceased grantor by whom the deed was executed. Laws of 1868, ch. 176, sec. 1 (Tay. Stats., 1600, § 174). Hence, they could not be permitted to testify that the deceased delivered the deed to them, or to state any conversations with him in relation to the deed, or concerning any matter affecting the issue. But with that restriction it seems to us that the defendants should have been allowed to answer the above questions. It may be that in answer thereto they could have stated facts important to them in the case, without violating the statutory rule above stated. Suppose, for example, they had testified that the deed was continually in their possession or under their control from the day of its date until they placed it on record. That would not be testimony of any transaction between them and the deceased personally, nor of any communication had with him. Why, then, was it not testimony the defendants were competent to give? We think that they were competent to give it.

Such testimony would not of itself prove the delivery of the deed, but the facts testified to might have an important influence (if the court believed the testimony) in determining the question of delivery. It would have been the better practice for the court to have received the testimony, and, if any of it was incompetent, to have rejected that portion of it. Of course we cannot know what the testimony would have been, had it been received; but because some, at least, of the questions were unobjectionable, and because the answers thereto might, without a violation of the statutory rule, have been im-

portant to the defendants, we think the rulings of the court sustaining the objections thereto are material errors which render a new trial necessary.

III. After the cause was submitted to the court, and before it was decided, the defendants filed certain affidavits, to the effect that after the proofs were closed they discovered testimony of which they were before ignorant, and moved the court to open the case and allow them to put in such testimony. They also attempted to show due diligence in looking up witnesses before the trial. The court denied the motion.

Without enlarging on the subject, we are inclined to think that the motion should have been granted on proper terms. The newly discovered evidence is stated in the affidavits, and it is pertinent to the issue, and may have been important. At that stage in the progress of the cause, a court of equity should exercise its discretion liberally to enable the parties to place before it all the evidence within their reach material to the issue. Especially should the court do so where, as in this case, the evidence is conflicting and mostly circumstantial.

But inasmuch as there must be a new trial on another ground, the defendants will have an opportunity to introduce such testimony, and the ruling of the court on the motion to open the cause and let in the testimony ceases to be of any importance in the case.

*By the Court.* — The judgment is reversed, and the cause remanded for a new trial.