Adams and another, Adm'rs, vs. Allen and another.

*(1) Evidence.   (2) Appeal determined by the record.*

1. In an action by administrators for the conversion of notes (payable to bearer) belonging to their decedent at the time of his death, one of the defendants, as a witness for the defense, was asked to "state the facts and circumstances under which he obtained possession of

the notes." *Held*, that, as there was nothing in the question, or in the record, to show that it called for any conversation or transaction between the witness and the deceased, it was error to reject the question on that ground.

2. Statements of counsel in this court, of facts not of record, cannot be considered in determining the admissibility of a question put to a witness.

APPEAL from the Circuit Court for *Columbia* County.

The case, so far as passed upon by the court, is thus stated in the opinion of COLE, J., as originally prepared:

"The plaintiffs in this case sue as administrators, with the will annexed, of Nehemiah Allen, deceased. It is alleged in the complaint, in substance, that the testator, at the time of his death, was the owner and entitled to the possession of two promissory notes (which are described), payable to him or bearer, and that the defendants wrongfully obtained possession of these notes, and converted them to their use. On the trial, the defendant *Allen* was sworn on behalf of the defendants. Among other questions asked him was this: "State the facts and circumstances under which you obtained possession of these notes." The question was objected to, on the ground that any conversation or transaction between the father and son about these notes was inadmissible, as the father was dead. The testimony was excluded."

The plaintiffs had a verdict; a new trial was denied; and from a judgment on the verdict, the defendants appealed.

For the appellants, a brief was filed, signed by *A. G. Cook* as attorney, with *S. U. Pinney*, of counsel; and the cause was argued orally by *Mr. Pinney*.

*E. E. Chapin*, for the respondents.

COLE, J. Without regard to the other errors assigned, we think the judgment must be reversed because the court refused to allow the question to the witness *Allen* to be answered. It is certainly clear that it was competent for the witness to state the facts and circumstances under which he

obtained possession of the notes, unless he obtained them directly from the deceased. *Stewart v. Stewart*, 41 Wis., 624; *Page v. Danaher*, 43 id., 221. The question did not necessarily relate to any transaction which the witness had had with his father, and the court surely could not know in advance that any valid objection would exist to an answer to it. Suppose the witness had said he obtained the notes from some third party, in the usual course of business, paying a valuable consideration therefor; such an answer would be directly responsive to the question, and competent testimony. The court had no right to assume that the witness would testify about any personal transaction or matter had between him and his father in regard to the possession or title of these notes. And, as it was argued by the defendants' counsel, the subject matter of the inquiry was legitimate evidence, and, for all that appears, the witness was competent to testify in relation to it. The case comes fully within the doctrine laid down in *Stewart v. Stewart* and *Page v. Danaher, supra*, which are decisive upon the point.

It is, however, said by the plaintiffs' counsel, in justification of the ruling of the court below, that it had been claimed in the opening of the defendants' counsel on the trial, that the witness had received these notes as a gift from his father the night before he died, and that the question had relation to that matter, and was therefore excluded. While we do not doubt that the learned counsel states the facts precisely as they occurred, yet there is nothing in the bill of exceptions to sustain his statement. Of course, we must determine the correctness of the ruling from the record itself. If the witness had been asked to state the facts and circumstances under which he had obtained possession of the notes from his father, whether they were not given him by his father the night before he died, a different question would be presented for consideration. But, as the record now stands, the question asked does not seem to be open to objection, and it might have called

out testimony material to the defense. The notes were paya-ble to bearer, and title to them would pass by delivery. The witness might have obtained them from a third party.

The judgment of the circuit court must therefore be reversed, and a new trial awarded.

RYAN, C. J., and LYON, J., took no part.