Belden vs. Scott, Ex'x, etc. and another.

BELDEN, Appellant, vs. SCOTT, Executrix, etc., and another, Respondents.

*February 8 — March 16, 1886.*

*Evidence: Transactions with deceased person.*

Upon a claim against the estate of a decedent for the value of services rendered during his life-time in examining and correcting his books of account, the claimant may testify as to how long he was engaged in the work and how much his services were reasonably worth.

APPEAL from the Circuit Court for *Milwaukee* County. The facts sufficiently appear from the opinion. The plaintiff appealed from a judgment in favor of the defendants.

The cause was submitted for the appellant on the brief of *Flanders & Bottum,* and for the respondents on that of *David S. Ordway* and *Frank M. Hoyt.*

Counsel for the appellant cited *Daniels v. Foster,* 26 Wis. 686; *Page v. Danaher,* 43 id. 226; *Stewart v. Stewart,* 41 id. 628; *Adams v. Allen,* 44 id. 93; *Brague v. Lord,* 67 N. Y. 495; *Besson v. Cox,* 35 N. J. Eq. 87; *Nash v. Gibson,* 16 Iowa, 305; *Sykes v. Bates,* 26 id. 521; *U. S. v. Clark,* 96 U. S. 37.

Counsel for the respondents cited *Engmann v. Estate of Immel,* 59 Wis. 253; *McIndoe v. Clarke,* 57 id. 167; *Daniels v. Foster,* 26 id. 686; *Ross v. Ross,* 6 Hun, 182; *Howell v. Van Siclen,* id. 115; *Marsh v. Gilbert,* 2 Redf. Surr. Rep. 475.

ORTON, J.   This was a contested account or claim of the appellant for work and labor in keeping the books of the deceased from July 1, 1879, to October 1, 1881, and in going over and correcting his books for about ten years.   An appeal was taken from its disallowance by the county court

to the circuit court, and on the trial of the cause in that court the appellant, as a witness in his own behalf, testified that he had seen the books of the deceased in court, and that certain entries therein were in his handwriting, and that he had seen the books in the house of the deceased, and in the store of the witness, and that in the night they were kept in the safe of the deceased. The witness was then asked the following questions: "(1) About what time did you commence to work on those books? (2) Up to what time did you perform labor on those books? (3) What amount of time did you spend in labor on those books? (4) How much time between the 1st of June, 1879, and the 1st of September, 1881, did you spend in labor upon those books of Mr. Caswell? (5) How much time did you spend between those dates in labor upon those books when Mr. Caswell was not present? (6) What was the value of the services performed by you upon those books between June 1, 1879, and September 1, 1881? (7) What was the value of the services performed by you when Mr. Caswell was not present, between those dates?" On the objection of the respondents these questions were ruled out by the court on the ground that they called for "transactions or communications between the deceased and the party" made incompetent by sec. 4069, R. S. The appellant then made the general offer to prove by himself as a witness "that the time spent upon those books between June 1, 1879, and September 1, 1881, amounted in all to about one year, and that its value was in the neighborhood of $1,500," which was refused on the same ground.

There can be no question of the competency of this evidence. It was entirely independent and exclusive of any transaction or communication between the deceased and the witness as a party. It is no proper objection to this testimony that the law might raise from it the implication of a promise by the deceased in his life-time to pay what such

labor was reasonably worth. Such a promise by mere implication of law from certain facts exists only because there was no express contract between the parties, or no "transaction or communication" between them. A contract implied and a contract express are necessarily in contradistinction. The statute is not hostile to the proof of all just claims against estates. It was made to protect estates from claims depending upon personal transactions or communication between the claimants and the deceased, established by the testimony of the claimants, in the absence of the testimony of the deceased to controvert it.

It would seem that this distinction was made as clear as language could make it, and concerning evidence much nearer a personal transaction with the deceased than this pretended work upon the books of the deceased out of his presence, in *Daniels v. Foster*, 26 Wis. 686. In that case, for the foreclosure of a mortgage, the defendant sought to prove payment and a counterclaim for services, money advanced, etc., to the deceased, and introduced letters of the deceased, and testified to their genuineness, and that he received them by mail; and from that evidence the court found the mortgage satisfied. The letters acknowledged such payment. The evidence was held proper, and Chief Justice Dixon made this clear exposition of the statute: "The statute forbids the examination of a party in his own behalf in respect to any transaction or communication had *personally* by such party with a deceased person," etc. The word *personally* is made emphatic in the opinion. And again: "But the personal transaction or communication of the statute no doubt means a transaction or communication *face to face*, or by the parties *in the actual presence and hearing of each other*." It was under this construction that the letters of the deceased to the living party witness, most nearly "transactions and communications between them," were admitted in evidence, and the testimony of the party

that he received them by mail allowed. In *Page v. Dana-her*, 43 Wis. 221, the note sued upon appeared to have words stricken out of it, and the plaintiffs had to explain the erasures. The defendant Melendy was asked: "Did you strike out the words 'after due' from it?" "Were they stricken out when you signed it?" "When and with what ink did you sign the note?" These questions were objected to on the same ground, and the objections sustained. The judgment was reversed for this error. It is plain to see how much nearer this evidence relating to the character of the note given by the defendant to the deceased was to a *transaction* between them. But we need not further review the cases in this court, all of which are consistent with the above cases, and should have long since set the question of the true meaning of the statute at rest. See *Stewart v. Stewart*, 41 Wis. 628; *Adams v. Allen*, 44 Wis. 93; *McIndoe v. Clarke*, 57 Wis. 165; *Engmann v. Estate of Immel*, 59 Wis. 253. It is worse than useless to go out of this state for authorities for the construction of our own statute after so many attempts of this court to construe it, which at least ought to have been successful. The evidence offered was clearly competent and admissible.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

See note to this case in 27 N. W. Rep. 356.— REP.