MURPHY, Administrator, Appellant, vs. QUINN, Respondent.

*April 15 — May 3, 1898.*

*Evidence: Transactions with decedent: Appeal, finding not against weight of evidence.*

1. In an action by an administrator to recover certificates of deposit in possession of and claimed by the widow of the decedent, testimony by the defendant that she did not indorse the name of the decedent upon such certificates, and that she had had them in her possession since nearly two months before his death, is not incompetent under sec. 4069, R. S. 1878. These are not statements of transactions with a deceased party.
2. In a case tried by the court, its finding will not be disturbed on appeal if not clearly against the weight of the evidence.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed*.

This action was brought by *Lawrence B. Murphy*, as administrator of the estate of one James. Quinn, who died March 21, 1896, aged eighty-one years. The defendant was the widow of the deceased by a second marriage. The complaint charged that the deceased died owning three houses in the city of Madison, two government bonds of $500 each, and four bank certificates of deposit, aggregating $1,900 in amount; that the defendant falsely claimed that the said certificates had been given and indorsed to her by James in his lifetime, but that such gift never was made; and that, if she had acquired possession of the certificates before the death of James, such possession was obtained by fraud and undue influence. The answer denied the allegations of the complaint, and alleged that the deceased, in January, 1896, gave the certificates to the defendant on account of natural love and affection. The case was tried by the court, which found that the certificates were indorsed by the deceased, and given by him to the defendant in the latter part of January, 1896, and have been in her possession ever since, and that the transaction constituted a valid gift *inter vivos*. From judgment for the defendant on this finding, the plaintiff appeals.

For the appellant there was a brief by *Jones & Stevens*, and oral argument by *B. W. Jones*. They argued that the testimony of the defendant was incompetent under sec. 4069, R. S. 1878. The prohibition of that statute extends to negative testimony intended to establish the affirmative inferentially. There was no pretense that the certificates came to defendant's possession in any way except by direct delivery from the decedent. *Clift v. Moses*, 112 N. Y. 426; Underhill, Evidence, 442. There was no clear, satisfactory, and incontrovertible evidence to establish the alleged gift. *Marshall v. Jaquith*, 134 Mass. 138, 140; *Devlin v. Green-*

Murphy vs. Quinn.

*wich Sav. Bank*, 125 N. Y. 756; *Grey v. Grey*, 47 id. 552; *Rogers v. Rogers*, 153 id. 356; *Nesbet v. Lockman*, 34 id. 167; *Resch v. Senn*, 28 Wis. 286; *Kinney v. Public Adm'r*, 2 Bradf. 319; *George v. Spencer*, 2 Md. Ch. 353; *Herr's Appeal*, 5 Watts & S. 494; *Walter v. Hodge*, 2 Swanst. 97; *Dills v. Stevenson*, 17 N. J. Eq. 408; *Martin v. Smith*, 25 W. Va. 579.

For the respondent there was a brief by *Olin & Butler*, and oral argument by *Knox Kinney* and *H. L. Butler*.

WINSLOW, J. There is but one question of law in this case. The defendant was allowed to testify against objection that she did not herself indorse the name of James Quinn upon the backs of the certificates of deposit in controversy, and that she had had the certificates in her possession since the latter part of January, 1896. It is claimed that these are statements of transactions with a deceased party, and incompetent, under sec. 4069, R. S. 1878. This contention seems fully answered by the decision of this court in the case of *Stewart v. Stewart*, 41 Wis. 624. There the question was whether a deed had been delivered by a deceased grantor to the defendants, and it was held that they could testify as to how long it had been in their possession, and that such testimony would not be testimony of any transaction had by them with the deceased. It is equally apparent that a denial by the defendant that she had forged the name of the deceased on the back of the certificates is not evidence in respect to a transaction with the deceased.

The remaining questions are questions of fact. The defendant produced direct evidence to show that the certificates were actually indorsed by the deceased in his lifetime, and delivered to the defendant, as well as expert evidence to the effect that the signatures upon the backs of the certificates were in fact the signatures of the deceased. On the other hand, the plaintiff introduced expert evidence to

the effect that the signatures were not written by the deceased, and also produced evidence of collateral facts tending to disprove the alleged gift. Upon all this testimony, the trial judge who saw the witnesses determined that the alleged gift was sufficiently proven. We are unable to say that this conclusion is clearly against the weight of the evidence, and hence we cannot disturb it.

