GARDNER, Respondent, vs. YOUNG's ESTATE, Appellant.

*April 13—May 2, 1916.*

*Guardian and ward: Claims, how barred: Witnesses: Competency:*
*Transactions with person since deceased: Waiver of objection.*

1. Sec. 3995*b*, Stats., is the only statute providing for barring claims
   against persons under guardianship; and where that section was
   not complied with in that no petition was filed and no order of
   the county court fixed a time and place for the examination and
   adjustment of claims or fixed a time after which claims, if not
   presented, should be barred, claims were not barred otherwise
   than by the ordinary statutes of limitation.

2. Permitting a claimant to testify as to personal services rendered
   by her to a decedent, upon which her claim against his estate is
   based, will not be held error where no proper objection was sea-
   sonably made.

APPEAL from a judgment of the circuit court for Trem-
pealeau county: JAMES O'NEILL, Judge. *Affirmed.*

A claim was filed by plaintiff and respondent against the
estate of Dr. William M. Young, deceased, for services al-
leged to have been performed by her from October 1, 1902,
to the 5th day of June, 1909, the date of Dr. Young's death.

Dr. Young during the latter part of his life owned the
Commercial Hotel in Galesville, Wisconsin, where he lived,
had his office and sleeping room. In 1898 he leased this
hotel to the husband of plaintiff, the lease providing, among
other things, that Dr. Young should continue to live in the
Commercial Hotel and have his offices there. The lease was
for five years, ending in May, 1903, when a new lease was
made running for three years. During the period from date
of the first lease, June 1, 1898, to the date of the death of
Dr. Young, June 5, 1909, he continued to board and keep his
office and sleeping room in said hotel.

The claim filed was for special services rendered by plaint-
iff, *Annie Gardner,* for Dr. Young, deceased.

In the county court the claim of plaintiff was allowed at

$4,000, and upon appeal to the circuit court was reduced to $3,120 with interest. The court below made the following findings:

"That said Wm. M. Young, deceased, was during his lifetime, and on or about the 3d day of March, 1908, duly declared an incompetent by the county court of said county of Trempealeau and a guardian of his person and estate duly appointed by said county court, who duly qualified therefor and entered upon the duties of his office, and from that time until the death of said Wm. M. Young performed the duties and functions of such guardian.

"That for many years prior thereto and until the date of his death the said Wm. M. Young, which occurred on the 5th day of June, 1909, was in poor health, and during all the time included within the findings herein was in need of personal care, nursing, and attention, and that he was a single man and had no near relatives under legal obligations to furnish to him such care, nursing, and attention.

"That during the lifetime of said Wm. M. Young and within the six years prior to his death the said *Annie Gardner* performed labor and services, consisting of personal care, nursing, and attention, and which said personal care, nursing, and attention were necessary and proper for his safety and comfort; that such services were of a character suitable to his station in life and that he was amply able to pay for them, and were of the reasonable value of ten ($10) per week for a period of six years prior to his death.

"That the said *Annie Gardner* has never received any consideration therefor from the said Wm. M. Young, or from his estate, or from any personal representative, guardian, or any other person for or on behalf of the said Wm. M. Young, and the whole thereof is due and owing to the said *Annie Gardner*.

"That on the 24th day of November, 1913, the said plaintiff duly filed in the county court of the said county of Trempealeau her duly verified claim therefor pursuant to notice to creditors given in the matter of the estate of Wm. M. Young, deceased.

"That during the period of the guardianship hereinbefore mentioned, no notice to creditors was ever given as required by law, and that the said claim is not barred by any statute or law of this state relating to the filing, allowance, or settlement of accounts of persons under disability.

"That said services were not performed by the said plaintiff by virtue of any contract, lease, or agreement made between the said Wm. M. Young and the husband of the said *Annie Gardner,* nor by virtue of any oral understanding or agreement between them, and that the character of such services were not such as are embraced within the terms or meaning of any lease or contract between the said Wm. M. Young and the husband of said *Annie Gardner* as mentioned in the answer of the administrators filed herein.

"That no part of the claim hereinafter allowed is barred by the statute of limitation.

"That the said *Annie Gardner,* during the time of the said performances of such labor and services, was a married woman and the wife of one Edward Gardner.

"That all of such services so rendered were performed by the said *Annie Gardner* for and on her own behalf, and that at the time of the performances of the same she expected to be compensated therefor and to receive and have such compensation as her own property and estate, and that said husband, Edward Gardner, had full knowledge thereof and consented thereto.

"That such services so rendered were not within the scope of the ordinary duties of housewife, nor constituted any part of the duties that the said *Annie Gardner* owed to her husband in the business in which he was engaged, and that the compensation herein allowed for such services is the individual earnings of said *Annie Gardner* accruing from labor performed in her own behalf and is her separate property."

The court concluded "That the said plaintiff, *Annie Gardner,* is entitled to judgment herein against the defendant, the estate of Wm. M. Young, deceased, in the sum of three thousand one hundred twenty ($3,120) dollars, together with interest thereon from the 24th day of November, 1913, at the rate of six per cent. per annum, in all the sum of three thousand four hundred sixty and 80-100 ($3,460.80) dollars, together with the costs and disbursements of this action, to be hereafter taxed."

Judgment was entered accordingly, from which this appeal was taken.

*Ole J. Eggum,* for the appellant.

For the respondent there was a brief by *R. S. Cowie* and *A. T. Twesme,* attorneys, and *Edward Lees,* of counsel, and oral argument by *Mr. Lees* and *Mr. Cowie.*

KERWIN, J. It is contended that the court below erred in holding that the claim of respondent filed against the estate of Dr. Wm. M. Young was not barred by proceedings in guardianship matter had in the county court.

On the 14th day of March, 1908, Dr. Young was declared an incompetent and one E. F. Clark, of Galesville, Wisconsin, was appointed general guardian of said Young and continued as such guardian until the death of Dr. Young, which occurred about a year thereafter.

The claim filed covers the period from 1902 to the time of the death of Dr. Young in 1909, but it is conceded that the portion of the claim which accrued more than six years before the death of Dr. Young is barred by the statutes of limitation, and the court below so held and included no item of the claim which accrued prior to six years before Dr. Young's death in the allowance made to the respondent.

It is insisted by counsel for appellant that all such parts of the claim bearing date prior to March 14, 1908, are barred by a notice to creditors and proceedings relative to the proof of claims against wards and deceased persons. The infirmity in this contention is that no proceeding in compliance with the statute for barring claims against the estate of Dr. Young was had in the guardianship proceeding. Sec. 3995*b*, Stats., is the only statute providing for barring claims in guardianship proceedings, and this statute provides for commencement of the proceedings by filing a petition, and directs that when a proper petition has been filed the county court shall make an order fixing time and place for the examination and adjustment of claims against the ward, and that if claims be not presented accordingly they shall be barred. This section further provides that after the order has been made no suit can be maintained against the ward, etc. This statute was

not complied with in the instant case, and the question arises
whether the claim could be otherwise barred. It is insisted
on the part of the appellant that it could, under certain pro-
visions of the statute referred to by appellant and which will
be considered. Sec. 3982 provides in substance that guard-
ians appointed shall pay the debts of the ward, and that "un-
less special provision be made all proceedings for the presen-
tation, allowance and adjustment of claims and demands
against persons under guardianship shall be had and made as
provided in these statutes relating to the estates of decedents."
This section does not bar claims not filed. The provision for
bar is contained in sec. 3844, which relates to claims against
deceased persons and not claims against wards. It will be
seen that sec. 3982 refers to procedure only in regard to filing
claims. The statute of limitation as to claims against de-
ceased persons is sec. 3844, and makes no reference to claims
against persons under guardianship. Sec. 3995$b$ is the only
statute providing for bar of claims against persons under
guardianship, and this statute plainly has not been complied
with in the instant case; hence the claim was not barred.
The proceeding in county court did not comply with sec.
3995$b$. No petition was filed; the order of the county court
did not fix a time and place for the examination and adjust-
ment of claims against the ward, nor fix a time within which
claims must be presented or be thereafter barred. The order
in the instant case does not limit the time within which claims
must be presented, or provide that claims not presented at the
time and place fixed in the order shall be thereafter barred,
therefore does not comply with the statute. *Britt v. Estate
of Ide,* 75 Wis. 113, 43 N. W. 559.

Sec. 3838, Stats., relates to claims against deceased per-
sons; sec. 3840 provides for fixing time for presenting claims
in case of granting letters of administration; sec. 3840$m$ pro-
vides for order of publication under sec. 3840 when publica-
tion has not been made; and sec. 4050 provides that when the
court orders notice published it shall be sufficient if a brief

statement of the matter to be heard, sufficient to fairly inform the interested parties of the nature of the proposed proceeding and the estate involved, be published.    None of these sections affect the questions in the instant case.

Error is assigned in the admission of testimony of the respondent, *Annie Gardner,* in relation to the services performed by her for the deceased, Dr. Young.    It is claimed that such testimony was not admissible under sec. 4069, Stats. Our examination of the record has failed to disclose any proper objection to the evidence.    But even if proper objection were made, we think the evidence was admissible.    *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129.

All other material propositions discussed by counsel for appellant involve questions of fact.

The findings set out in the statement of facts are well supported by the evidence, and support the judgment.    It is unnecessary to extend this opinion by a discussion of the evidence.    We find no error in the record.