WILL OF FULLER: HJERSTEDT, Appellant, vs. FULLER, Executor, Respondent.

*May 10—June 21, 1926.*

*Witnesses: Competency: Transactions with deceased persons: Testimony as to services rendered deceased and the value thereof.*

Sec. 325.16, Stats., does not render a claimant incompetent to testify in support of a claim against the estate of a deceased person that he performed services for the deceased and their nature and reasonable value.

APPEAL from a judgment of the county court of Barron county: A. F. WRIGHT, Judge. *Reversed.*

For the appellant there was a brief by *Charles E. Briere* of Wisconsin Rapids and *Charles A. Taylor* of Barron, and oral argument by *Mr. Briere.*

For the respondent there was a brief by *W. N. Fuller* of Cumberland, Executor, *in pro. per.,* and *Coe Brothers* of Barron and *Fuller & Lampson* of Cumberland, attorneys, and oral argument by *Mr. Fuller.*

ROSENBERRY, J. Claimant filed a claim for $160 on account of professional services rendered as a professional nurse to the deceased. The claim was supported solely by the testimony of the claimant as to the extent and nature of the services and their value. The court was of the opinion that the claimant was incompetent to testify as to the nature of the services and the amount of services rendered because they constituted a transaction with a deceased person from whom she was claiming; that under

sec. 325.16, Stats. (formerly sec. 4069), she was not a competent witness.

It has been held in at least four cases that a claimant may testify in support of a claim against the estate of a deceased person that claimant rendered the services, the nature of the services, and their reasonable value. *Estate of Happel-Bossi,* 133 Wis. 119, 113 N. W. 433; *Belden v. Scott,* 65 Wis. 425, 27 N. W. 356; *Gardner v. Young's Estate,* 163 Wis. 241, 157 N. W. 787; *Sucke v. Hutchinson,* 97 Wis. 373, 72 N. W. 880.

Respondent attempts to distinguish these cases from the case at bar, but they are not distinguishable. A different rule prevails in other jurisdictions. Counsel for respondent have made an interesting argument supported by authorities from other jurisdictions. The question, however, is not an open one in this jurisdiction, and we are not disposed to further extend a rule which is itself the subject of much criticism and one which has in some jurisdictions been modified or abrogated. See 1 Wigmore, Evidence (2d ed.) p. 1005, § 578.

*By the Court.*—The judgment appealed from is reversed, with directions to enter judgment for claimant.