In re Guardianship of Kohl, Incompetent: Northern Trust Company of Chicago, Trustee, Appellant, vs. Brandenberg, Guardian, Respondent.

*April 1—April 28, 1936.*

For the appellant there was a brief by *Godfrey & Arnold* attorneys, and *Robert K. Cullen* of counsel, all of Elkhorn, and oral argument by *Mr. Cullen* and *Mr. Alfred L. Godfrey.*

For the respondent the cause was submitted on the brief of *Bloodgood, Kemper & Passmore,* attorneys, and *Eric Wm. Passmore* of counsel, all of Milwaukee.

ROSENBERRY, C. J. The Northern Trust Company, hereinafter referred to as claimant, contends that the trial court was in error: (1) Because the power of attorney executed by Caroline L. Kohl was not revoked by her subsequent incompetency. The judgment against her was properly entered in the county court of Walworth county; (2) that the order of the county court of Waukesha county limiting the time in which claims might be presented against the estate of Caroline L. Kohl, incompetent, did not affect a claim based upon a warrant of attorney; (3) that execution upon the judgment entered might properly be enforced against the estate of the incompetent. On behalf of the guardian it is alleged, (1) that the claim is barred because not filed as required by sec. 313.08, Stats. 1931; (2) that an execution

cannot be levied upon property in the hands of a guardian, it being in the custody of the law and not subject to attachment or execution; (3) that a judgment note is not excepted from the rule that claims must be filed within the time limited or be forever barred; (4) that the county court of Waukesha county had jurisdiction to prevent a sale of the property in the custody of the guardian; that having acquired jurisdiction prior to the entry of the judgment in the county court of Walworth county, Walworth county could acquire no jurisdiction over the ward, the guardian, or the property of the ward being administered by the Waukesha county court and the judgment entered in the county court of Walworth county is a nullity.

Sec. 319.21, Stats. 1931, provides that a guardian may be appointed for the estate of a nonresident ward and that the guardianship which shall be first lawfully granted of any person residing out of this state shall extend to all the estate of the ward within the same and shall exclude the jurisdiction of the county court in every other county.

Sec. 319.25, Stats. 1931, provides that a guardian so appointed shall pay the just debts of the ward and that:

"Unless special provisions be made all proceedings for the presentation, allowance and adjustment of claims and demands against persons under guardianship shall be had and made as provided in these statutes relating to the estates of decedents."

Sec. 313.03, Stats. 1931, relating to claims against decedents provides that such claims shall be filed in the manner therein provided. Sec. 313.08, Stats. 1931, provides:

"Every person having a claim against a deceased person, proper to be allowed by the court, who shall not after notice given as required by sections 313.03 and 313.04, exhibit his claim to the court within the time limited for that purpose, shall forever be barred from recovering such demand or from setting off the same in any action."

Was the power given by Caroline L. Kohl revoked by her subsequent incompetency?

Restatement, Agency, § 139: *"Termination of powers given as security.* (1) Unless otherwise agreed, a power given as security is not terminated by: . . . (c) the loss of capacity during the lifetime of either the creator of the power or the holder of the power."

"Comment: (c) *Loss of capacity.* Supervening insanity, coverture, or bankruptcy of either the creator of the power or the holder of the power does not affect its validity. If the holder of the power becomes incompetent to exercise it, a court of equity will direct it to be exercised for the benefit of the beneficiary."

The power given in this case in connection with the note as recited in the statement of facts was given for security and was not terminated by the subsequent incompetency of Caroline L. Kohl.

The power or warrant of attorney being in full force and effect, the judgment by confession entered in the county court of Walworth county was regular and within the authority conferred by the power. The entry of a judgment by confession is not the commencement of an action. An action must be commenced by the service of a summons or the original writ. Sec. 262.01, Stats. Under the statute, the claimant had a right to file a transcript of the judgment in the circuit court for Waukesha county.

The real question in the case arises when we come to consider the effect of the judgment and of the filing of the transcript upon the property of Caroline L. Kohl who at the time was under guardianship. It is a well-established principle of law that while property or money is in *custodia legis,* the officer holding it is the mere hand of the court and his possession is the possession of the court and it is not subject to levy either in attachment or by way of execution. 17 R. C. L. p. 139, § 37, and cases cited.

In *Shumaker v. Bohrofen* (1933), 217 Iowa, 34, 250 N. W. 683, it is held that the property of a ward in the hands of his guardian under the facts in that case is in *custodia legis* and remains in such custody subject to the order of the court charged with the responsibility therefor, that property thus situated is not subject to attachment, and that upon the recovery of a judgment against a person under guardianship it becomes the duty of the court having jurisdiction of the guardianship to direct the guardian to pay the claim. The cases sustaining the conclusion of the Iowa court represent the majority view and are. collected in the note, "Property of incompetent or infant under guardianship as subject of execution, attachment, or garnishment," 92 A. L. R. 919. The cases sustaining the minority view are also collected commencing on page 923.

While the question is a new one in this state, it is considered that the general policy of our law requires us to adopt the majority view at least in part. It is held in this state that a county court having jurisdiction of a matter for one purpose has jurisdiction for all purposes unless it cannot afford an efficient remedy. *Cawker v. Dreutzer* (1928), 197 Wis. 98, 221 N. W. 401. Sec. 319.41, Stats. 1931, provides in certain classes of guardianship cases that after the court has by its order fixed a time and place and limited the time within which claims may be presented, no suit shall be commenced or maintained in any court against the ward upon any claim over which the county court has exclusive jurisdiction in the settlement of estates of deceased persons. Where such a proceeding has been instituted the property of the ward is in *custodia legis*.

This brings us to a consideration of whether under the facts of this case the property of the ward was in *custodia legis* at. the time the judgment in favor of the claimant was entered and docketed. A determination of this question will

require a consideration of the applicable statutory provisions. In the first place it should be noted that the ward is a nonresident domiciled in the state of Illinois; that at the place of her domicile there has been appointment by a court of competent jurisdiction of a guardian of her person and estate; that the Wisconsin guardianship initiated by the petition of the Illinois guardian must under the circumstances relate solely to the property of the ward. The courts of Wisconsin have no jurisdiction over the person of the ward. It is also to be noted in this connection that the custody of the guardian is somewhat different in character than that of a sheriff having property in his possession under an execution or a warrant of attachment or the possession which a receiver has. The possession of these executive officers of the court is for the sole and express purpose of applying the proceeds of the property to the satisfaction of the debts. The possession of a guardian, however, while it may be for the purpose of satisfying the debts of the ward, also has an administrative side. It is the duty of the guardian to manage property, collect rents and profits, invest and reinvest funds, and generally to administer the estate of the ward. We are not required under the evidence in this case to determine this whole matter. It does not appear from this record whether the estate of the ward was solvent or insolvent, nor does it appear how far the claims made against the estate of the ward in the county court of Waukesha county have been paid and satisfied. If the claims allowed in the county court of Waukesha county have been paid and satisfied, the rights of the judgment creditor might be very different than they would be if the estate was in process of liquidation for the purpose of satisfying those claims. Under the law as it existed at the time the facts in this case arose, there was no statute by virtue of which claims against a nonresident ward could be barred.

While sec. 319.25 (1), Stats. 1931, provides that a guardian may proceed in the manner provided by statute relating

to estates of deceased persons for the presentation, allowance, and adjustment of claims and demands against his ward, it has been held that that part of the statute relating to the bar of claims against the estate of decedents is not included; that the reference is only to the presentment, allowance, and adjustment of claims. *Gardner v. Young's Estate* (1916), 163 Wis. 241, 157 N. W. 787.

Sec. 319.25 (2), Stats. 1931, does not apply to the estate of a foreign ward. That section can only be invoked by the filing of a petition in "the county court of the county wherein such insane person resides." Although the statute was amended in 1933, under that amendment sec. 319.41 does not apply because the guardian must "apply to the county court of the county where such ward resides." The claim of the Northern Trust Company not being barred, whether or not the judgment on claims should be opened depends upon the state of the record, which is not before us. Certainly the claimant has the right to file a judgment in the county court and have it satisfied in some way in a proper proceeding, out of any property which may properly be applied to the satisfaction of the claim.

Whether the judgment is a lien upon the property of the ward will depend upon whether when the transcript was filed in Waukesha county, the property was in *custodia legis*. If all prior claims had been satisfied and the guardian was merely administering the estate of the ward, one result may follow. If the property was in the process of being applied to the claims already allowed, it is possible another result will follow. That question has not been argued or presented in this court, and we shall not attempt to determine it for the reason that to do so might be to decide a moot question.

It is now held: (1) That the warrant of power given by the ward to the claimant was not revoked by her subsequent incompetency; (2) that the judgment was properly entered in the county court of Walworth county; (3) that transcript of judgment was properly filed in the circuit court for Wau-

kesha county; (4) that the claim of the Northern Trust Company is not barred; (5) that whether or not a lien attaches to the property of the ward by virtue of the judgment, a transcript of which was filed in the circuit court for Waukesha county, is not determined; (6) that further procedure looking to the satisfaction of claimant's demand depends upon a state of facts not before the court.

*By the Court.*—Judgment appealed from is reversed, and cause remanded for further proceedings according to law.