IN RE GUARDIANSHIP OF THORNTON: FILIATRAULT, Guardian, Appellant, vs. LEFEVER, Claimant, Respondent.

*May 20—June 16, 1943.*

398

For the appellant there were briefs by *Lecher, Michael, Whyte & Spohn,* attorneys, and *Malcolm K. Whyte* and *Gerrit D. Foster* of counsel, all of Milwaukee, and oral argument by *Mr. Whyte* and *Mr. Foster.*

For the respondent there was a brief by *Foster, McLeod & Foster,* attorneys, and *Kenneth M. McLeod* of counsel, all of Fond du Lac, and oral argument by *Mr. McLeod.*

ROSENBERRY, C. J. On the guardian's appeal, the question involved is whether the claim is barred by the statute of limitations. On the claimant's appeal the question involved is whether a check delivered as a gift which was not presented for payment before the maker was declared incompetent, is an incomplete gift. We shall first deal with the claim for $10,300.

The guardian claims that the claim is barred by the provisions of sec. 330.19, Stats., the material part of which provides:

*"Within six years: . . .* (3) An action upon any other contract, obligation or liability, express or implied, except those mentioned in sections 330.16 and 330.18." (These sections have no application here.)

The claimant contends that the claim is not barred by the provisions of sec. 330.19, Stats., for the following reasons: Sec. 330.01 provides:

"Civil actions can only be commenced within the periods prescribed in this chapter, except when, in special cases, a different limitation is provided by statute. . . :"

Claimant contends that a different limitation is provided by statute in ch. 319, Stats., entitled Guardians and Wards. Sec. 319.41 is as follows:

*"Adjusting claims against ward.* The guardian or a creditor of any ward may apply to the court which appointed the guardian for an examination and adjustment of the claims of all persons against such ward. Such court shall by order, fix the time and place it will examine and adjust such claims, and shall fix the time within which all claims against such ward must be presented or be thereafter barred. Notice of the time and place so fixed and limited shall be given by publication as in the estates of decedents; and all statutes relating to claims against and in favor of estates of decedents shall apply. . . ."

The guardian contends that the words—

"and all statutes relating to claims against and in favor of estates of decedents shall apply."

refer only to procedural matters and do not relate to statutes concerning substantive law.

The guardian further contends that the six years having expired on the 12th day of December, 1935, the claim was barred on December 12, 1941, because under the provisions of sec. 330.41, Stats., the filing of a claim shall be deemed the commencement of an action and that the action therefore was not begun within the six-year period.

We do not find it necessary to determine whether the provisions of sec. 319.41, Stats., "all statutes relating to claims against and in favor of estates of decedents shall apply," import the provisions of sec. 330.34 into ch. 319, Stats.

It is considered that sec. 319.41, Stats., is itself a statute of limitation and is therefore a "special case" within the meaning of sec. 330.01, which provides:

"Civil actions can only be commenced within the periods prescribed in this chapter, except when, in special cases, a different limitation is provided by statute. . . ."

Attention is directed to that part of sec. 319.41, Stats., providing that—

"No suit shall be commenced or maintained in any court against such ward upon any such claim as the county court has exclusive jurisdiction of in the settlement of the estates of deceased persons."

There can be no doubt that the claim of the respondent LeFever is such a claim.

Sec. 319.41, Stats., provides:

"Such court shall by order, fix the time and place it will examine and adjust such claims, and shall fix the time within which all claims against such ward must be presented or be thereafter barred."

After the entry of the order of court fixing the time within which claims might be filed, the claim could be enforced in no other way. If not filed within the time fixed, it was barred.

The guardian argues that the six-year statute of limitations being by its terms applicable to the claim of respondent and the claim not having been filed in the county court until after the expiration of the six years from the date of performance, the claim is barred thereby. It is considered that this contention cannot be sustained.

In the case of *Gardner v. Young's Estate* (1916), 163 Wis. 241, 244, 157 N. W. 787, the court said:

"Sec. 3995b, Stats. [now 319.41], is the only statute providing for barring claims in guardianship proceedings, and this statute provides for commencement of the proceedings by filing a petition, and directs that when a proper petition has been filed, the county court shall make an order fixing time and place for the examination and adjustment of claims against the ward, and that if claims be not presented accordingly they shall be barred. This section further provides that after the order has been made no suit can be maintained against the ward," etc.

The statute there under consideration was in this respect substantially in the same language as in sec. 319.41, Stats. The court there held that the provisions of sec. 3995*b* not having been followed, the claim was not barred but by inference held that had such proceeding been followed, the claim would have been barred.

The provisions of sec. 319.41, Stats., were complied with in this case. The court's order was as follows:

"It is ordered that the time within which all creditors of said Frances M. Thornton, incompetent, shall present their claims against said ward for examination and allowance or be thereafter barred, be and the same is hereby fixed and limited up to and including the third Tuesday of March, being the 17th day 1942."

As already stated the claim was filed within the time limited but the guardian argues that the claim had already been barred by the six-year statute. However, the order was entered on the 10th day of November, 1941. That was within the six-year period of limitation so that at the time the order was entered, the entry of which prohibited the claimant from maintaining a suit in any court against the ward upon his claim, the court order created a special case within the meaning of sec. 330.01, Stats. So far as we are advised this court has not had before it the question whether the order of the county court operated to extend the period of limitation.

In *Carpenter v. Murphey* (1883), 57 Wis. 541, 15 N. W. 798, it was in effect held that an order of the court operated to shorten the period of limitation, that is, that claims were barred if not filed within the time limited by the order of the court, although filed before the expiration of six years from the time when the statute began to run. That being the case, the rule must work both ways. Sec. 319.41, Stats., does not limit the time within which claims may be filed. It authorizes the time to be fixed in the discretion of the trial court. The

claim in this case was filed within the time prescribed and so is a special case. Being a "special case," the six-year statute was supplanted and did not apply and the claim is not barred. Certainly if the order of the court can shorten the time within which claims may be enforced, it may for the same reason extend the time. We do not hold that a claim barred by the six-year statute prior to the time of the making of the order is revived and the bar of the six-year statute removed. The judgment allowing the claim must be affirmed.

## $1,000 CLAIM.

The trial court held that the delivery of the check was an incompleted gift and disallowed the claim. Counsel for claimant concedes that the great weight of authority is that a donor's check is not a proper subject of gift (20 A. L. R. 178), but argues that the circumstances of this case bring it within the doctrine of *Estate of Schreihart* (1936), 223 Wis. 218, 270 N. W. 71. In that case the donor had at a prior time given the donee possession of the key to the donor's safety-deposit box, had delivered to the donee the passbook for the donor's savings and checking accounts and a few days before her death made an unequivocal declaration of gift to the donee of the contents of the safety-deposit box and of all moneys represented by the savings and checking accounts. It was held that this was a sufficient delivery to constitute a valid gift. In that case there was much more than the mere delivery of a check. The delivery was made in the presence of the donor's banker and business adviser for the express purpose of making certain that the donee would be the recipient of the subject matter of the gift. The transaction resulted in an irrevocable gift. The reaffirmation of the gift in the presence of the custodian of the property amounted to an executed gift. Nothing more remained to be done.

Sec. 118.65, Stats., provides:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check. . . ."

Claimant argues that the provisions of this statute do not affect the relation of the drawer and payee of a check; that therefore there was an assignment of the fund as between the drawer and the payee and the claimant is therefore entitled to recover the amount of the funds so assigned from the estate of the incompetent.

Wisconsin was one of the states which prior to the adoption of the Negotiable Instruments Act held that the giving of a check operated *pro tanto* as between the drawer and the payee as an assignment of the fund. *Raesser v. National Exchange Bank* (1902), 112 Wis. 591, 597, 88 N. W. 618. In that case it was said:

"The authorities already cited leave no doubt that by an assignment for value the assignor parts with ownership of so much of the fund; as between him and the assignee the transfer is complete."

In this case the check was not given for value. It was a gift and without consideration so that under the law as it stood prior to the enactment of the Negotiable Instruments Law, under the circumstances of this case, the giving of the check would not have been 'effective as an assignment of the fund. The section of the Negotiable Instruments Act referred to was enacted for the express purpose of changing the law as theretofore declared in this state. While it is true that the primary purpose was to protect the depositary it brought about other legal consequences. When a drawer issues a check upon a bank in which he has funds and the check is not presented for payment before revocation, the only remedy that the holder of the check has is against the drawer of the check.

The relation is that of debtor and creditor. In this case the holder of the check cannot enforce his claim against the estate of the incompetent because the check was without consideration. That was the precise holding of this court in *Dixon Shoe Co. v. Moen* (1932), 208 Wis. 389, 243 N. W. 327. The check which is the basis of the claim was as against the guardian a mere promise of the incompetent made during competency to pay a certain sum of money. By the incompetency the check was revoked, and being without consideration, it cannot be enforced against the guardian, and the trial court correctly so held. See *Estate of Smith* (1938), 226 Wis. 556, 277 N. W. 141.

*By the Court.*—The judgments appealed from are affirmed.