KIRKPATRICK, Appellant, vs. MILKS, Administrator, Respondent.

*October 2—November 8, 1950.*

550

For the appellant there was a brief by *M. W. Meienburg* of Brodhead, attorney, and *Rieser & Mathys* of Madison of counsel, and oral argument by *Mr. Meienburg, Mr. W. S. Stafford* of Madison, and *Mr. Clifford G. Mathys.*

For the respondent there was a brief by *F. Earl Lamboley* of Monroe, attorney, and *Toebaas, Hart, Kraege & Jackman* of Madison of counsel, and oral argument by *Mr. Oscar T. Toebaas* and *Mr. Lamboley.*

FAIRCHILD, J. The trial court was of the opinion that Dr. Swan, the attending physician of the deceased, could not testify concerning the transaction resulting in the execution of the note. He based his ruling on the terms of sec. 325.21, Stats. That section, with respect to communications to doctors, provides that "No physician or surgeon shall be permitted to disclose any information he may have acquired in attending any patient in a professional character, necessary to enable him professionally to serve such patient." The terms of that statute, as the learned trial judge said, generally have been strictly followed as far as the testimony relates to information acquired which was necessary to enable the physician professionally to serve such patient. But it has always been recognized that there may exist a different character of evidence arising from independent events which may come to the knowledge of a physician, such as evidence of acts or admissions not at all necessary to enable him to discharge the duties of his professional relation to his patient. It is that character of testimony that may be admitted under the accepted doctrine, as recognized in such cases as *Prudential Ins. Co. v. Kozlowski* (1938), 226 Wis. 641, 276 N. W. 300, and *Will of Williams* (1950), 256 Wis. 338, 41 N. W. (2d) 191. In support of the right to offer evidence existing and not obtained by the physician to enable him professionally to serve such patient, there is authority for admitting testimony where the witness has been requested by the decedent to take

part in the transaction. This testimony is readily distinguished from anything related to the relation of physician and patient. It was ruled in this state in the case of *Boyle v. Robinson* (1906), 129 Wis. 567, 109 N. W. 623, that a physician's testimony with relation to his part in such a transaction is material, and that he is a competent witness. See also *Estate of Peterson* (1947), 250 Wis. 158, 26 N. W. (2d) 553, and *Maine v. Maryland C. Co.* (1920), 172 Wis. 350, 178 N. W. 749.

In the memorandum opinion, the trial court expressed itself in the following language:

"It would appear from a careful study of this entire case that if this claim is to be disallowed it must be on the grounds that the signature was obtained by undue influence. There is some testimony as to the incompetency of the decedent, but it is insufficient to overcome the burden of proof that rests with the administrator in asserting such a defense."

We assume the competency of the signer of the note as determined by the trial court. But in view of the result reached here that a new trial must be had, we refrain from expressing an opinion on the evidence or discussing the same. On the question of undue influence it becomes important to have before the court the material and relevant testimony which will enable the court to reach a just conclusion. The investigation of questions of the nature here involved is designed to result in a rational proceeding leading to the settlement of the dispute between interested parties. The conclusion to be reached must come from a consideration of testimony given by those participating in or observing what was done. As far as the physician is concerned, he is a competent witness if his part in the transaction was disassociated from his professional duties or where the privilege with relation to confidential communications has been waived. The effect of testimony which may be received properly ought to bring into perspective the truth in the matter, enabling the trier

of the fact to determine whether there was created a good-faith obligation which ought to be discharged by the estate.

We are concerned under the circumstances portrayed in the record now before us because of the elimination from consideration of the testimony sought to be brought forward from the witness, Dr. Swan. The ruling of the trial court in excluding the testimony which the doctor might properly have given leaves out of the data any explanation of the doctor's possession of the note, his part in presenting the note to the signer, and any conversation which he might then have had with her concerning the matter. This should have been before the court. Unfortunately, there was no offer of proof, and the substance of the excluded evidence has not been made known, as far as the record is concerned, either to the judge or the adversary. However, because it is considered that the issues in this case have not been fully tried, we are of the opinion that the failure to make the offer of proof cannot in this instance overbalance the error of the ruling. In holding that error was committed in ruling that the doctor could not be permitted to give his testimony, we are of the opinion that the record as made shows the evidence sought would in nowise have subjected the deceased to shame, or affected her social standing, or injured her feelings or reputation; that the rejected testimony would have brought into the trial the doctor's observations, not involving a violation of his professional relation with the patient. It also appears that the trial court would not have permitted the giving of any testimony by the doctor with relation to his part in the transaction.

Because of the reasons set out above, we are of the opinion that the rights of the parties should be determined after a full consideration of the material and competent evidence including that of Dr. Swan concerning his part in the transaction.

The other ruling challenged prevented the claimant from describing the value, nature, and extent of the services which he performed for the deceased. The transactions with deceased persons and the competency of witnesses are a matter of judicial concern. However, there is no rule which would prevent testimony as to services rendered a deceased person and the value thereof. An alleged agreement based on conversation with deceased to pay for those services is a matter which has special treatment in the law. But sec. 325.16, Stats., does not render claimant incompetent to testify in support of a claim against the estate of a deceased person, that he performed services for the deceased, and as to their nature and reasonable value. *Will of Fuller* (1926), 190 Wis. 445, 209 N. W. 683.

*By the Court.*—The judgment appealed from is reversed and the cause remanded for a new trial, with directions to admit the testimony referred to and to decide the matter upon its merits after a full consideration of the material and competent evidence.